PEOPLE v WILKINS

Docket No. 61476. Decided March 4, 1980. On application by the defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the defendant's conviction and remanded to the Recorder's Court of Detroit for a new trial.

Nathaniel Wilkins was convicted by a jury in Recorder's Court of Detroit, Joseph A. Gillis, J., of carrying a concealed weapon. The charge arose from observations of police officers who were acting on an informant's tip. One of the police officers testified at the trial, over objection by defense counsel, as to the information given to them to show the basis for the officers' actions in stopping the defendant's car. The Court of Appeals, D. C. Riley, P.J., and D. F. Walsh and Miller, JJ., affirmed the conviction but reduced the defendant's minimum sentence (Docket No. 31149). Defendant applies for leave to appeal. In a per curiam opinion joined by Justices Kavanagh, Levin, Fitzgerald, Ryan, and Moody, the Supreme Court held:

1. Assuming, arguendo, that the evidence concerning the informant's tip was not hearsay, because it was not offered to prove the truth of the informant's statements but only to explain the police officers' subsequent actions, does not end all inquiry. The police officers' state of mind, as sought to be established through the testimony in question, was not relevant because it was not a fact of any consequence to the determination of the action.

2. Moreover, even if the officers' state of mind could be said to have some relevance, the evidence was received for a limited purpose, that is, to establish the reason that the officer took subsequent action. Even if it had been admissible on that basis, the testimony should have been limited to the statement that the police officer was responding to a tip.

3. The prejudice from the introduction of the evidence, even if it had been relevant, far outweighs its probative value. The testimony provided the jury with the content of an unsworn statement of an informant who was not produced at trial. The statement pointed to the defendant's guilt of the crime charged.

The prejudicial effect of this evidence, offered for a limited purpose, is self-evident.

The defendant's conviction is reversed and the case is remanded to the Recorder's Court of Detroit for a new trial.

Justice Williams, joined by Chief Justice Coleman, dissenting, would affirm the judgment of the Court of Appeals. The testimony as to the content of the informant's tip was not hearsay because it was not offered to prove the truth of the informant's statement. The hearsay rule does not operate to exclude evidence of a statement, request, or message offered for the purpose of explaining the conduct of the person to whom it was made. The evidence was admitted not to show the guilt or innocence of the defendant, but to show the reason for the subsequent action of the police officers. The trial court did not act unreasonably in exercising discretion to allow the testimony. But even assuming, *arguendo,* that the admission of the testimony was error, the error was of such a nature that it did not constitute an affront to the integrity of the trial and was harmless beyond a reasonable doubt because the rest of the evidence against the defendant was so overwhelming. Furthermore, because the police officer was present at the trial and subjected to cross-examination by defense counsel as to what he heard the informant say, no violation of the defendant's right of confrontation occurred.

82 Mich App 260; 266 NW2d 781 (1978) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*Charles Burke* for defendant.

Per Curiam. The trial judge allowed testimony by a police officer on the content of the information a tipster provided him. We believe he erred and we reverse.

# I

Nathaniel Wilkins was convicted of carrying a

concealed weapon. The charge originated from the observations of police officers who had been told what to watch for through an informant's tip. While conducting surveillance of a home in Detroit, they observed the defendant enter a car. The car drove away, and the police followed. Wilkins was driving the car, and when the police first ordered him to stop, he refused and drove on. At one point he threw a shiny object from the car. One of the policemen in the pursuing police car got out and retrieved the shiny object while the other policeman continued to chase Wilkins and eventually stopped him. The shiny object was an automatic pistol.

The Court of Appeals affirmed the conviction, but reduced Wilkins' minimum sentence to 40 months. 82 Mich App 260; 266 NW2d 781 (1978).

## II

The prosecutor asked one of the police officers what the informant had told him, and defense counsel objected:

"*The Court:* Well, I am informing the jury that it is not—the testimony the officer is giving is not evidence but merely a basis for the subsequent action of the officers.

"But we can even cut it further. Based on what the informer told you, what did you do?

"*Mr. LaBret [Assistant Prosecuting Attorney]:* Well, your Honor, I would like to lay a foundation.

"*The Court:* Go ahead.

"*Q.* Now, Officer Lutz, what did the informant tell you?

"*A.* I was informed at 8 o'clock p.m. that evening that a black male, late twenties, wearing a gray suit, would be in a gray Cadillac '75 sedan, license George Paul X-ray 233. He was supposed to be at 14009 Mendota, and

that he's carrying a gun, informant seen that gun with him earlier in the evening.

"*Q.* Did you inform the rest of your crew?

"*A.* Yes.

"*Q.* What did you do then?

"*A.* At approximately 8:30 we went by that address and looked for the car. The car was gone.

"*Q.* What did you do?

"*A.* We re-checked it later at approximately 10:30 and observed the car there.

"*Q.* The Cadillac in question?

"*A.* Yes."

The Court of Appeals said:

"The basis of the defendant's objection to the admission of testimony concerning the tipster's information is that it was inadmissible hearsay. His argument falls with its premise. Hearsay is an extrajudicial statement offered to prove the truth of the matter asserted. *People v Cunningham,* 398 Mich 514; 248 NW2d 166 (1976), McCormick, Evidence (2d ed), § 246. In the case at bar, the jury was instructed that the testimony was not offered to prove the truth of the informant's statements but only to illustrate the basis for the officers' subsequent actions. Thus, the testimony was not hearsay and its admission was not error." 82 Mich App 264-265.

It is our view that it matters not whether the testimony of the police officer in this vein is considered to be hearsay. A more fundamental consideration needs, and up to this point has not received, address.

Assuming, *arguendo,* that the testimony in question was being offered for a purpose other than its truth, and thus did not constitute hearsay, all inquiry does not end. The next question which must be asked and satisfactorily answered, is what will the proffered testimony tend to establish, and assuming that the testimony will establish some-

thing, will that "something" serve to shed light upon a material issue in dispute?

MRE 401[1] provides:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

We conclude that the police officers' state of mind, as sought to be established through the testimony in question, was not a "fact * * * of any consequence to the determination of the action". Moreover, even if the officers' state of mind could be said to have had some relevance, that does not mean that the judicial duty in admitting such evidence is circumscribed by such a conclusion. MRE 105 states:

"When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly."

The evidence was received for a limited purpose, that is, to establish the reason that the police took subsequent action. Even if this evidence could be said to have had some marginal relevance as "background" to the police officer's narrative, the testimony could have been limited to the statement that the police officer was responding to a tip. This was not done.

Finally, MRE 403 provides:

---

[1] Although this case was tried prior to the effective date of the Michigan Rules of Evidence, MRE 401 is based upon legal principles the validity of which predated the Michigan Rules of Evidence.

"Although relevant, evidence may be excluded if its
probative value is substantially outweighed by the dan-
ger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue
delay, waste of time, or needless presentation of cumu-
lative evidence."

Even if we were to accept (which we cannot) the
argument that the evidence in question was rele-
vant, the prejudice emanating from the introduc-
tion of such evidence far outweighed its probative
value. The testimony, while bearing upon the rea-
son why the officers acted as they did, also pro-
vided the jury with the content of an unsworn
statement of an informant who was not produced
at trial. This statement pointed to the defendant's
guilt of the crime charged. Putting aside the con-
frontation problems which the admission of this
statement engenders, the prejudicial impact of this
evidence, offered for a limited purpose, is self-evi-
dent.

Accordingly, for all of the aforementioned rea-
sons, in lieu of granting leave to appeal, pursuant
to GCR 1963, 853.2(4), we reverse the defendant's
conviction and remand to Recorder's Court for the
City of Detroit for a new trial.

KAVANAGH, LEVIN, FITZGERALD, RYAN, and
BLAIR MOODY, JR., JJ., concurred.

WILLIAMS, J. *(for affirmance).* The controversy in
this carrying-a-concealed-weapon case centers on
the trial court's allowance of testimony by a police
officer on the content of information a tipster had
provided him. The testimony in question was per-
mitted over defense counsel's hearsay objection on
the grounds that it was not evidence, but merely
served as the basis for the subsequent action of the

officers. The trial court so instructed the jury as to this limited use at the time the objection was raised.

Basically, the complained-of testimony is represented by this answer:

"*A.* I was informed at 8 o'clock p.m. that evening that a black male, late twenties, wearing a gray suit, would be in a gray Cadillac '75 sedan, license George Paul X-ray 233. He was supposed to be at 14009 Mendota, and that he's carrying a gun, informant seen that gun with him earlier in the evening."

The Court of Appeals was correct in saying that the testimony of the police officer as to the content of the tipster's report was not hearsay because, as the trial court made clear, such testimony was not offered to prove the truth of the informant's statement. As the Supreme Court of Virginia cogently observed:

"The hearsay rule does not operate to exclude evidence of a statement, request, or message offered for the mere purpose of explaining or throwing light on the conduct of the person to whom it was made. The evidence was admitted not for the purpose of showing the guilt or innocence of the defendant; but for the purpose of showing the reason for the police officers' action in arresting him." *Fuller v Commonwealth,* 201 Va 724, 729; 113 SE2d 667, 670 (1960). Accord, *Manz v Commonwealth,* 257 SW2d 581, 582 (Ky, 1953); *State v Bright,* 269 SW2d 615, 623 (Mo, 1954); *People v Fischer,* 49 Cal 2d 442, 446; 317 P2d 967, 970 (1957); *People v Garcia,* 31 Mich App 447, 455; 187 NW2d 711, 714 (1971); *United States v Demopoulos,* 506 F2d 1171, 1175-1176 (CA 7, 1974).

This testimony, in establishing the reason for the officers' surveillance of defendant's car, is relevant as "background" to the police officer's narra-

tive. To require a trial judge to pare a witness's testimony of everything but its barest factual essentials might well serve to confuse or mislead the jury, as well as being a dangerous curtailment of the discretion of the trial judge in the conduct of the case. Thus, while a possible course in this case could have been to limit the officer's testimony to the simple statement that he and his fellow officers were responding to a tip, the trial court certainly did not act unreasonably in allowing the testimony as to the content of the tipster's statement.

Even assuming *arguendo* that the admission of such testimony was error, in the light of the entire record, the error was not such as to be "inconsistent with substantial justice",[1] or such as to result in a "miscarriage of justice",[2] thus necessitating a whole new trial.

The trial court record shows that two of the police officers riding as passengers in the car following defendant's car testified to having seen defendant throw a gun out of his window (defen-

---

[1] GCR 1963, 529.1 provides:

".1 Harmless Error. No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding shall construe these rules to secure the just, speedy, and inexpensive determination of every action so as to avoid the consequences of any error or defect in the proceeding which does not affect the substantial rights of the parties."

[2] MCL 769.26; MSA 28.1096 provides:

"No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."

dant was alone in the car). The third officer, the driver of the car following defendant, testified to having seen the defendant throw "something". from the car. Additionally, the prosecution presented testimony concerning an unsigned statement made by the defendant shortly after his arrest stating that he had acquired the gun from an acquaintance for approximately $65 and that when a friend test-fired it, it was defective in failing to eject the spent shell.[3]

The nature of the asserted error is not so offensive to the maintenance of a sound judicial process that it can not be regarded as harmless; the error did not constitute an affront to the integrity of the trial process. Further, excluding the allegedly tainted testimony altogether, the rest of the evidence against defendant was so overwhelming that all reasonable jurors would find guilt beyond a reasonable doubt; error, if any, was harmless beyond a reasonable doubt. *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972).

One last matter deserves attention. The per curiam opinion voices some concern over possible confrontation problems with the admittance of the content of the tipster's statement in the absence of an opportunity for defendant to cross-examine the tipster. Had the testimony in issue been admitted for the truth of its content, such a concern would be valid. However, the importance of the tipster's statement, as articulated by the trial court, lay

---

[3] Although defendant maintained at trial that his inculpatory statement was made in reference to a previous charge of carrying a concealed weapon, this was contradicted by the interrogating officer's testimony that the only case mentioned or discussed was the instant one and also by the fact that the pistol in the instant case had in it a spent shell that had failed to eject. Indeed, the Court of Appeals held that in view of the eyewitness testimony and the defendant's statement, the erroneous admission of a prior bad act of defendant was harmless. *People v Wilkins,* 82 Mich App 260, 272-273; 266 NW2d 781 (1978).

simply in the fact that it was allegedly heard by the testifying officer, thus providing a reason for his subsequent actions. At this point Justice Stewart's observation in his plurality opinion in *Dutton v Evans,* 400 US 74, 88; 91 S Ct 210; 27 L Ed 2d 213 (1970), a Sixth Amendment confrontation clause case, is helpful:

"Evans [defendant] was not deprived of any right of confrontation on the issue of whether Williams [declarant] actually made the statement related by Shaw [witness]. Neither a hearsay nor a confrontation question would arise had Shaw's testimony been used to prove merely that the statement had been made. The hearsay rule does not prevent a witness from testifying as to what he has heard; it is rather a restriction on the proof of fact through extrajudicial statements. From the viewpoint of the Confrontation Clause, a witness under oath, subject to cross-examination, and whose demeanor can be observed by the trier of fact, is a reliable informant not only as to what he has seen but also as to what he has heard." Accord, *Favre v Henderson,* 464 F2d 359, 362-363, fn 2 (CA 5, 1972).

Because the testifying officer was present and actually subjected to cross-examination by defendant's counsel, no violation of the right of confrontation occurred.

Accordingly, the Court of Appeals affirmance and modification of the trial court's ruling is affirmed.

COLEMAN, C.J., concurred with WILLIAMS, J.