PEOPLE v BERRY

Docket No. 78-5507. Submitted June 19, 1980, at Lansing.—Decided November 5, 1980.

Defendant, Lonnie Berry, Jr., was convicted of delivery of cocaine in Bay Circuit Court, John X. Theiler, J. Defendant appeals, contending that the proper charge against him should have been possession of cocaine because he did not actually deliver the cocaine in question but merely helped find a better price for the purchaser. He also contends that the trial court erred in allowing testimony pertaining to an alleged prior bad act to be presented to the jury. *Held:*

1. Although defendant may not have actually delivered the cocaine, he did take an active role in arranging the delivery. Under the aiding and abetting statute, the evidence was sufficient to establish a prima facie case for each element of the crime charged. The defendant was properly bound over to circuit court on the theory of aiding and abetting the delivery of cocaine. The trial court committed no error in denying defendant's motion for a directed verdict of acquittal.

2. Testimony that defendant had allegedly committed a prior bad act consisting of delivery of marijuana was not supported by any substantial evidence. Furthermore, there is no indication in the trial record that the trial court weighed the probative value of this testimony against its prejudical effect on the jury. The testimony should not have been introduced into evidence because the proofs of the charge were not so overwhelming, aside from the testimony which may have been erroneously admitted, that all reasonable jurors would find guilt beyond a reasonable doubt.

Reversed and remanded.

1. CRIMINAL LAW — AIDING AND ABETTING.

An aider and abettor is one who encourages, counsels or assists another in the commission of a crime with the intention of

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 119.
[2] 29 Am Jur 2d, Evidence § 320.
[3] 29 Am Jur 2d, Evidence §§ 321, 333.

rendering such help and with the knowledge that the criminal act is contemplated.

2. CRIMINAL LAW — EVIDENCE — OTHER BAD ACTS — ADMISSIBILITY.
   The admissibility of evidence of a defendant's other bad acts should be carefully considered by the trial court because of the great potential that its probative value is outweighed by the likelihood that it will prejudice the jury against the defendant.

3. CRIMINAL LAW — EVIDENCE — OTHER BAD ACTS — ADMISSIBILITY.
   Three requirements must be met before evidence of prior bad acts may be admitted: 1) there must be substantial evidence that the defendant actually perpetrated the bad acts sought to be introduced; 2) there must be a showing that the facts or circumstances of the other bad acts are probative of the defendant's motive, intent, absence of mistake or accident, scheme, plan or system in committing the charged offense; and 3) defendant's motive, intent, absence of mistake or accident, scheme, plan or system must be material to the determination of the defendant's guilt of the charged offense.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *George B. Mullison*, Prosecuting Attorney, and *James M. Hammond*, Assistant Prosecuting Attorney, for the people.

*Chari Grove*, Assistant State Appellate Defender, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and D. E. HOLBROOK, JR., and J. H. PIERCEY,* JJ.

PER CURIAM. Defendant was convicted of delivery of a controlled substance (cocaine), contrary to MCL 335.304(1); MSA 18.1070(4)(1), and appeals his conviction as of right.

An undercover state police trooper, Dana Michael Averill, testified at trial that he had gone to the LeFevre Hotel Bar to purchase cocaine from one Abdullah. The defendant had entered the bar

* Circuit judge, sitting on the Court of Appeals by assignment.

and asked him if he was going to buy some "girl" (cocaine) from Abdullah. Defendant engaged Trooper Averill in conversation about cocaine and told him that he (defendant) could get him a better quality cocaine than Abdullah could offer. Defendant said that he had to make a phone call and that he was expecting a quarter ounce to be delivered to him that day. Trooper Averill suggested that he and the defendant pool their money to bring the price down by buying a larger quantity. The two agreed to buy an ounce and split it. The defendant told the trooper that he would make the phone call later and they left the bar agreeing to return that afternoon. When Trooper Averill returned, the defendant asked him if he was still interested in purchasing cocaine. The trooper nodded "yes" and followed the defendant into a back room where an unidentified man produced a plastic baggie filled with a white powder (later identified as cocaine). Trooper Averill inspected the contents and indicated his approval. Both defendant and the trooper gave the unidentified man $800. Trooper Averill split the ounce of cocaine, kept his half and gave the other half to defendant.

Defendant argues that his conviction of delivery of cocaine should not stand because his involvement in the transaction in question was merely as a purchaser and that he only helped Trooper Averill find a better price for an ounce of cocaine. Defendant contends the proper charge against him would be mere possession of cocaine.

We find defendant's argument lacking in merit. Defendant was charged with delivery of a controlled substance on the theory that he aided and abetted the delivery of cocaine from an unidentified male to himself and Trooper Averill. It is undisputed that there was a "delivery" here. MCL 335.304(1); MSA 18.1070(4)(1).

The aiding and abetting statute, MCL 767.39; MSA 28.979, provides:

"Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense."

In *People v Spry,* 74 Mich App 584, 594; 254 NW2d 782 (1977), *lv den* 401 Mich 825 (1977), the Court defined an aider and abettor as:

"An aider and abettor is one who encourages, counsels or assists another in the commission of a crime with the intention of rendering such help and with the knowledge that the criminal act is contemplated. *People v Penn,* 70 Mich App 638; 247 NW2d 575 (1976)."

Defendant was more than a mere bystander to this transaction. Defendant acted and encouraged the transaction "knowingly with the intent to aid the possessor obtain or retain possession". *People v Doemer,* 35 Mich App 149, 152; 192 NW2d 330 (1971). The defendant arranged, assisted and facilitated the delivery of cocaine. Without defendant's aid, Trooper Averill would not have been able to make the purchase from the unidentified man. In fact, the trooper had entered the bar with the intent to make a purchase from Abdullah. Even though it was the unidentified man who made the delivery to Trooper Averill and the defendant, the defendant took an active role in arranging the delivery and so, under the aiding and abetting statute, MCL 767.39; MSA 28.979, this evidence was sufficient to establish a prima facie case for each element of the crime charged so that the defendant was properly bound over to circuit court

on the theory of aiding and abetting the delivery of a controlled substance. The trial court committed no error in denying defendant's motion for a directed verdict of acquittal. See *People v Mann,* 395 Mich 472; 236 NW2d 509 (1975).

Defendant next contends that the trial court erred in allowing testimony by Trooper Averill of defendant's alleged prior bad act (delivery of marijuana) to be presented to the jury.

MRE 404(b) provides:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crime, wrongs, or acts are contemporaneous with, or prior or subsequent to the crime charged."

The admissibility of evidence of a defendant's other bad acts should be carefully considered by the trial court because of the great potential that its probative value is outweighed by the likelihood that it will prejudice the jury against the defendant. *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976).

This Court in *People v Wilkins,* 82 Mich App 260, 267-268; 266 NW2d 781 (1978), *lv den* 406 Mich 857 (1979), *rev'd on other grounds,* 408 Mich 69; 288 NW2d 583 (1980), stated that three requirements must be met before evidence of prior bad acts may be admitted:

(1) There must be substantial evidence that the defendant actually perpetrated the bad act sought to be introduced.

(2) There must be a showing that the "facts" or circumstances of the other bad acts are probative of the defendant's motive, intent, absence of mistake or accident, scheme, plan or system in committing the charged offense.

(3) Defendant's motive, intent, absence of mistake or accident, scheme, plan or system must be material to the determination of defendant's guilt of the charged offense.

The general rule is that evidence of other bad acts may be introduced only when the matter which they tend to prove is disputed. *Wilkins, supra,* 268. In the case *sub judice,* Trooper Averill responded to the prosecution's question of how and when he met defendant by stating that he had met the defendant in February, 1977, when other individuals had told him that defendant could get him some marijuana. Defense counsel objected on the basis that the testimony could not be corroborated. The trial judge overruled the objection. The trooper testified that a deal was made in February, 1977, and that it resulted in Trooper Averill purchasing a pound of marijuana for $155. On cross-examination, the trooper stated that, although he had talked with the defendant about the deal, he did not personally hand the defendant money and the defendant did not hand him marijuana.

Defendant admitted on cross-examination that he had taken someone named Bill to someone else who had sold Bill some marijuana and that he (defendant) had loaned Bill money so that he could purchase the marijuana. After Bill made the purchase, the two went back to the LeFevre Bar where Trooper Averill was waiting. Bill LaPage subsequently repaid the defendant at the LeFevre Bar but the defendant did not see the transaction between Bill and Trooper Averill.

We find that the first prong of the *Wilkins* test was not met. There is not substantial evidence that the defendant perpetrated the alleged bad act of delivery of marijuana. The individual, Bill La-Page, was not called as a witness, Trooper Averill admitted that he did not hand the defendant the money and that the defendant did not hand him the marijuana, and the lack of any corroborating testimony and the lack of any witnesses to any hand-to-hand transfer of the marijuana leads this Court to conclude that there was not "substantial evidence" that the defendant committed the prior act introduced into testimony in this instant case.

Defendant objected to the testimony about the alleged February, 1977, transaction and did not introduce any testimony concerning that transaction on direct examination. We cannot find that the testimony about February, 1977, was harmless error. We do not find it necessary to inquire further into the meeting of the rest of the *Wilkins* requirements.

Notwithstanding the failure to satisfy the *Wilkins* test, above, we also find no indication on the record that the trial court weighed the probative value of the prior bad act against its possible prejudicial effect on the jury. *People v Oliphant, supra.*

We cannot find the error "harmless beyond a reasonable doubt". It is not impossible that, without the testimony concerning the February, 1977, transaction, even one juror may have voted to acquit the defendant of the delivery of cocaine charge. The proofs of that charge were not "so overwhelming", aside from the prior bad act testimony, which may have been erroneously admitted, that "all reasonable jurors would find guilt beyond a reasonable doubt". *People v Christensen,* 64

Mich App 23, 33; 235 NW2d 50 (1975), *lv den* 397 Mich 839 (1976).

It is unnecessary for this Court to consider the defendant's final issue on appeal asserting that the prosecutor's remarks during final argument were improper.

Reversed and remanded.