PEOPLE v MOSLEY

Docket No. 50823. Submitted April 21, 1981, at Grand Rapids.—
    Decided May 27, 1981.

Roy M. Mosley was convicted of armed robbery, Detroit Record-
    er's Court, George W. Crockett, III, J. He appeals, alleging that
    the trial court erred in admitting certain evidence of his
    similar acts. *Held:*

The trial court properly admitted evidence that defendant
    stole an automobile in addition to evidence with respect to the
    crime charged. The record reveals that there was substantial
    evidence that defendant perpetrated the act and that the act
    was probative of his motive, intent, absence of mistake or
    accident, scheme, plan, or system in committing the charged
    offense which was material to a determination of his guilt.
        Affirmed.

1. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS.

    Evidence of a criminal defendant's prior bad acts generally is not
        admissible because its probative value is outweighed by its
        prejudicial effect; to be admitted, there must be substantial
        evidence that the defendant committed the acts, some special
        circumstances surrounding the acts must be present which are
        probative of the elements of the current charge, and the
        defendant's motive, intent, absence of mistake or accident,
        scheme, plan, or system must be material to his guilt of the
        current charge.

2. CRIMINAL LAW — POSSESSION OF STOLEN PROPERTY — INFERENCES.

    Possession of recently stolen property permits an inference that
        the possessor committed the theft.

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 29 Am Jur 2d, Evidence § 320 *et seq.*

[2] 66 Am Jur 2d, Receiving and Transporting Stolen Property § 28.

    What amounts to "exclusive" possession of stolen goods to support
        inference of burglary or other felonious taking. 51 ALR3d 727.

    What constitutes "recently" stolen property within rule inferring
        guilt from unexplained possession of such property. 89 ALR3d
        1202.

[3] 21 Am Jur 2d (Rev), Criminal Law § 219.

3. Criminal Law — Evidence — Similar Acts.

    Use of a stolen automobile during the commission of an armed robbery generally is considered indicative of motive, intent, absence of mistake or accident, scheme, plan, or system of committing the charged offense.

4. Criminal Law — Evidence — Similar Acts — Res Gestae.

    Evidence which tends to show that a defendant committed other criminal offenses is admissible where the acts are shown to be part of the res gestae of the crime charged and may include evidence of the acts, conduct, and demeanor of the defendant at the time of, or shortly before or after, the alleged offense.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Darcelle D. Kanoyton,* for defendant on appeal.

Before: N. J. Kaufman, P.J., and Allen and D. C. Riley, JJ.

Per Curiam. Defendant was charged with armed robbery and tried by a jury in August, 1979. When the jury was unable to reach a verdict, a mistrial was declared and a second trial was held in November, 1979. On November 15, the second day of trial, the prosecutor moved to add Ernest Doster, the owner of the stolen car used in the robbery, to the information as a witness. Despite objections by defense counsel, the trial court allowed the witness to be added.

The jury returned a verdict of guilty as charged, and on December 7, 1979, defendant was sentenced to from 4 to 20 years in prison. He appeals of right claiming that the trial court erred by adding Doster, a non-res gestae witness, to the witness

list, thus allowing Doster to testify about another crime with which defendant was not charged.

Complainant had just stepped out of her car in the Emerald Isle Pub parking lot in Detroit when another car pulled up and a man alleged to be defendant's accomplice got out of the passenger side and robbed complainant of her purse, using a handgun. Shortly thereafter, complainant attracted the attention of an on-duty police officer, who radioed a description of the car and the assailant to other officers in the area. Two officers in an unmarked police car noticed the car used in the robbery and pursued it. They lost sight of it momentarily when it pulled into an alley, and when they saw it again it was stopped, both front doors were open, and two men were running down the alley. The police circled the block and arrested defendant as he emerged from between two houses. The officers testified that they found complainant's wallet in defendant's coat and complainant's purse and a handgun between the houses near the tracks which defendant left in the snow.

Ernest Doster, owner of the automobile, testified during trial that it had been stolen from in front of his home some time prior to 11:30 p.m. on the night of the robbery. The trial court then instructed the jury that this evidence was to be considered only for the purpose of showing that whoever was using the automobile was acting purposefully and that his actions were not the result of accident, mistake, or misjudgment. Defendant argues on appeal that this evidence should have been excluded under the prior bad acts exclusionary rule on the ground that whatever probative value the evidence contained was outweighed by the prejudicial effect it would have upon the jury's view of defendant. We disagree.

The rule regarding the admissibility in evidence of prior bad acts is summarized in *People v Berry,* 101 Mich App 399, 403-404; 300 NW2d 575 (1980):

"The admissibility of evidence of a defendant's other bad acts should be carefully considered by the trial court because of the great potential that its probative value is outweighed by the likelihood that it will prejudice the jury against the defendant. *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976).

"This Court in *People v Wilkins,* 82 Mich App 260, 267-268; 266 NW2d 781 (1978), *lv den* 406 Mich 857 (1979), *rev'd on other grounds* 408 Mich 69; 288 NW2d 583 (1980), stated that three requirements must be met before evidence of prior bad acts may be admitted:

"(1) There must be substantial evidence that the defendant actually perpetrated the bad act sought to be introduced.

"(2) There must be a showing that the 'facts', or circumstances of the other bad acts are probative of the defendant's motive, intent, absence of mistake or accident, scheme, plan, or system in committing the charged offense.

"(3) Defendant's motive, intent, absence of mistake or accident, scheme, plan, or system must be material to the determination of defendant's guilt of the charged offense.

"The general rule is that evidence of other bad acts may be introduced only when the matter which they tend to prove is disputed. *Wilkins, supra,* 268."

The three requirements set forth in *Wilkins, supra,* have been met in the instant case. There was substantial evidence that defendant participated in the theft of the automobile. The police testimony indicated that defendant was apprehended late at night, shortly after the armed robbery, in possession of the victim's wallet and purse, in the vicinity of the stolen automobile, and in the location where one of the persons in the

automobile had fled. The jury justifiably could have concluded from this evidence that defendant was in the automobile. It is a well-established principle that possession of recently stolen property permits an inference that the possessor committed the theft. *People v Bradley,* 54 Mich App 89, 93; 220 NW2d 305 (1974), *People v Helcher,* 14 Mich App 386, 388; 165 NW2d 669 (1968).

The use of a stolen automobile in an armed robbery generally is considered to be indicative of motive, intent, absence of mistake or accident, scheme, plan, or system of committing the charged offense. It significantly minimizes the chances of being apprehended by the police.

Moreover, the evidence of the car's theft was admissible as part of the res gestae of the crime. *People v Castillo,* 82 Mich App 476, 479; 266 NW2d 460 (1978), stated:

" 'It is elementary that the acts, conduct and demeanor of a person charged with crime at the time of, or shortly before or after the offense is claimed to have been committed, may be shown as a part of the *res gestae. Proof of such acts is not rendered inadmissible by the fact that they may tend to show the commission of another crime.* (Emphasis supplied.)

\* \* \*

" '*Res gestae* are the circumstances, facts and declarations which grow out of the main fact, *are contemporaneous with it,* and serve to illustrate its character.' "

See also *People v Cramer,* 97 Mich App 148, 156, 158; 293 NW2d 744 (1980).

The trial court did not err by allowing admission of evidence pertaining to the theft of the automobile.

Affirmed.