PEOPLE v RAISANEN

Docket No. 56084. Submitted January 8, 1982, at Lansing.—Decided
April 6, 1982.

Arthur Raisanen was convicted of driving under the influence of
intoxicating liquor, third offense, Livingston Circuit Court, Paul
R. Mahinske, J., in a bifurcated trial in which the jury first
found him guilty of the principal charge and then, in a sepa-
rate proceeding, determined that this was the defendant's third
offense. Defendant appeals, alleging that the trial court erred
in allowing the prosecutor to introduce the particulars of the
two prior offenses in the trial on the principal charge and that
the court abused its discretion in dismissing five prospective
jurors for cause because they had received traffic citations.
*Held:*

1. The evidence of the defendant's prior DUIL convictions
was not admissible in the trial on the principal charge. The
evidence was admitted to show intent; however, DUIL is not a
specific intent offense and the defendant's intent was not at
issue.

2. The evidence also was not admissible to show the defen-
dant's character. Character evidence may not be introduced by

REFERENCES FOR POINTS IN HEADNOTES

[1] 7A Am Jur 2d, Automobiles and Highway Traffic § 375. 29 Am Jur
2d, Evidence § 320.

Admissibility of evidence showing plaintiff's antecedent intemperate
habits, in personal injury motor vehicle accident action. 46
ALR3d 103.

[2] 7A Am Jur 2d, Automobiles and Highway Traffic § 300.

What constitutes driving, operating, or being in control of motor
vehicle for purposes of driving while intoxicated statute or ordi-
nance. 93 ALR3d 7.

[3] 7A Am Jur 2d, Automobiles and Highway Traffic § 296.

29 Am Jur 2d, Evidence § 439.

[4] 7 Am Jur 2d, Automobiles and Highway Traffic § 375.

29 Am Jur 2d, Evidence § 340.

[5] 7A Am Jur 2d, Automobiles and Highway Traffic § 375.

39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 25.

[6] 47 Am Jur 2d, Jury §§ 265, 267.

the prosecution unless the defendant first introduces evidence relating to his character.

3. Merely showing that a prospective juror in a traffic case has been charged with a traffic offense is not, in itself, a sufficient basis for summarily excusing the juror for cause. The court rule does not require the automatic disqualification of a juror because he has received a traffic citation.

Reversed and remanded.

1. INTOXICATING LIQUORS — DRIVING UNDER THE INFLUENCE OF LIQUOR — EVIDENCE — PRIOR CONVICTIONS.

Evidence of a defendant's prior convictions of driving under the influence of intoxicating liquor is not admissible in a jury trial on a charge of driving under the influence of intoxicating liquor; such evidence may only be introduced in a later proceeding held to determine whether the defendant is a repeat offender.

2. INTOXICATING LIQUORS — DRIVING UNDER THE INFLUENCE OF LIQUOR.

The elements of the offense of operating a motor vehicle under the influence of intoxicating liquor are: (1) that the defendant was operating a motor vehicle upon a highway or other place open to the general public; (2) that while so driving he was under the influence of alcohol; and (3) that as a result of the drinking the defendant was substantially deprived of normal control or clarity of mind.

3. INTOXICATING LIQUORS — DRIVING UNDER THE INFLUENCE OF LIQUOR — INTENT — EVIDENCE — RULES OF EVIDENCE.

The offense of operating a motor vehicle while under the influence of intoxicating liquor is not a specific intent crime; therefore, evidence of prior acts is not admissible under the court rule regarding "similar acts" evidence for the purpose of showing intent (MRE 401, 404[b]).

4. CRIMINAL LAW — CHARACTER EVIDENCE — RULES OF EVIDENCE.

A prosecutor in a trial for driving while intoxicated is prohibited from offering evidence of a defendant's character, other than under the rule regarding the admission of evidence of prior acts to show intent, scheme or plan, unless and until the defendant offers evidence relating to character (MRE 404[a][1]).

5. INTOXICATING LIQUORS — DRIVING UNDER THE INFLUENCE OF LIQUOR — HABITUAL OFFENDERS.

The prosecution has the burden of proving the fact of alleged

prior convictions and the identity of the defendant as the person who committed the prior offenses in a prosecution under the habitual offender provisions of the statute proscribing operation of a motor vehicle while under the influence of intoxicating liquor (MCL 257.625; MSA 9.2325).

6. JURY — CHALLENGE FOR CAUSE — TRAFFIC OFFENSES.

A juror who is challenged for cause may be interrogated and required to give evidence relating to his qualifications and competency to serve as a juror, with the challenging party having the burden of making a prima facie showing that the juror is prejudiced, incompetent or disqualified; merely showing that a potential juror has been charged with a traffic offense, in a trial for driving under the influence of liquor, is not by itself a sufficient basis for excusing the juror for cause.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Frank R. Del Vero,* Prosecuting Attorney, and *Mary C. Smith,* Assistant Attorney General, for the people.

*Kizer, Reader & Miller,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and BRONSON and BEASLEY, JJ.

BEASLEY, J. On December 1, 1980, defendant, Arthur Raisanen, was convicted by a jury of driving under the influence of intoxicating liquor (DUIL), third offense, in violation of MCL 257.625; MSA 9.2325. After being sentenced to three years probation, with the first six months to be served in the Livingston County jail, and a four-year termination of driving privileges, he appeals as of right.

Defendant's convictions resulted from a bifurcated trial. Defendant was tried first for the principal charge of driving under the influence of liquor. After the jury found defendant guilty of the principal charge, another proceeding was conducted with the same jury to determine whether defendant had two prior convictions of the principal charge.

The record indicates that on October 14, 1979, at approximately 2:30 a.m., defendant, while operating his motor vehicle on Grand River Avenue in Genoa Township, was observed by two Livingston County sheriff deputies to be driving erratically and carelessly. After stopping the vehicle, the officers concluded that defendant was intoxicated, based upon on-the-scene sobriety tests and a failure to complete a Breathalyzer test.

Prior to testifying at trial, defendant made a motion *in limine* in an effort to suppress evidence of two prior convictions for DUIL. Finding that the prior offenses related to defendant's intent to operate an automobile while intoxicated, the court allowed the prosecutor, in his cross-examination of defendant, to elicit the particulars of the prior alcohol-related offenses. In defense, defendant testified that he only imbibed two beers that evening, that he suffered from chronic emphysema and that he was extremely fatigued.

The gravamen of this appeal is whether prior convictions for driving under the influence of alcohol are admissible in a trial for DUIL pursuant to the habitual drunk driving statute. We hold that they are not, under *People v Pipkin,*[1] where we said:

"In a DUIL third-violation jury trial, the defendant is entitled to a bifurcated proceeding. In the first phase of the trial, the jury is required to determine the defendant's guilt or innocence with respect to the current DUIL offense. *In order to ensure that the jury will not be prejudiced against the defendant, they are not permitted at this stage to know of the defendant's prior convictions.* If the defendant is convicted, the second stage of the trial is held to determine whether the defendant has been convicted of the same offense twice

---

[1] 93 Mich App 817, 820; 287 NW2d 352 (1979).

before within ten years. See *People v Bosca,* 25 Mich App 455; 181 NW2d 678 (1970)." (Emphasis added.)

In order to prove the offense of operating a motor vehicle under the influence of intoxicating liquor, the prosecution must establish: (1) that defendant was operating a motor vehicle upon a highway or other place open to the general public; (2) that while so driving he was under the influence of alcohol; and (3) that as a result of the drinking, defendant was substantially deprived of normal control or clarity of mind.[2]

As the offense is not a specific intent crime, defendant's motive or intent is not relevant to an assessment of the elements.[3] To use prior acts to establish intent, the rule requires that intent be material to the case.[4] Evidence that does not have a tendency to establish or disprove a fact in controversy should be rejected.[5]

The trial court, in allowing the admission of the prior convictions, premised its ruling on the similar acts statute; in particular, defendant's intent in operating a motor vehicle while intoxicated.[6] The rule pertaining to the admissibility of evidence of prior bad acts is embraced in *People v Berry:*[7]

"(1) There must be substantial evidence that the

---

[2] Proposed CJI 15:1:01; MCL 257.625a; MSA 9.2325(1).

[3] MRE 401.

[4] *People v Wright,* 315 Mich 81; 23 NW2d 213 (1946), *People v Jones,* 83 Mich App 559, 563; 269 NW2d 224 (1978).

[5] *People v Nichols,* 341 Mich 311, 330; 67 NW2d 230 (1954), 8 Mich Law & Practice, Criminal Law, § 221, pp 287-289.

[6] MCL 768.27; MSA 28.1050. The "similar acts" statute has been superseded by MRE 404(b). *People v Delgado,* 404 Mich 76; 273 NW2d 395 (1978).

[7] *People v Berry,* 101 Mich App 399, 403-404; 300 NW2d 575 (1980), paraphrasing *People v Wilkins,* 82 Mich App 260, 267-268; 266 NW2d 781 (1978), *lv den* 406 Mich 857 (1979), *rev'd on other grounds* 408 Mich 69; 288 NW2d 583 (1980). See also *People v Mosley,* 107 Mich App 393, 396; 309 NW2d 569 (1981).

defendant actually perpetrated the bad act sought to be introduced.

"(2) There must be a showing that the 'facts' or circumstances of the other bad acts are probative of the defendant's motive, intent, absence of mistake or accident, scheme, plan or system in committing the charged offense.

"(3) Defendant's motive, intent, absence of mistake or accident, scheme, plan or system must be material to the determination of defendant's guilt of the charged offense.

"The general rule is that evidence of other bad acts may be introduced only when the matter which they tend to prove is disputed."

The three requirements delineated in *Berry* were not satisfied in the instant case. The details of the prior convictions are not germane; defendant's motive and intent are inconsequential in a prosecution for this offense.

Moreover, the prior convictions are inadmissible as character evidence of defendant's propensity to drive while intoxicated.[8] The prosecution is prohibited, other than pursuant to the bad acts exception of MRE 404(b), from injecting evidence of a defendant's character unless and until the defendant offers evidence relating to a character trait. The character of the defendant in a criminal case is not an issue unless he elects to make it one.[9]

As illustrated by McCormick's treatise on evidence:[10]

"The disfavor for receiving proof of the character of a person as evidence that on a particular occasion he acted in keeping with his disposition is strongly felt when the state seeks to show that the accused is a bad

---

[8] MRE 404(a)(1).

[9] MRE 404(a)(1), *People v Boske,* 221 Mich 129, 135; 190 NW 656 (1922), *People v David Wells,* 102 Mich App 122, 129; 302 NW2d 196 (1980).

[10] McCormick, Evidence (2d ed), § 190, p 447.

man and thus more likely to have committed the crime. The long-established rule, accordingly, forbids the prosecution, unless and until the accused gives evidence of his good character, to introduce initially evidence of the bad character of the accused. It is not irrelevant, but in the setting of jury trial the danger of prejudice outweighs the probative value." (Footnote omitted.)

With the credibility of the defendant being pivotal to this case, we are not prepared to state that the admissibility of the prior convictions was harmless beyond a reasonable doubt.[11]

On remand at the trial on the current offense, only the information charging the offense of DUIL should be read to the jury. If defendant is convicted, then, without the necessity of impaneling a new and separate jury, the second phase of the DUIL-third offense charge shall ensue. The supplemental information charging defendant with having prior DUIL convictions is to be read to the jury; the issue at the second stage of the proceedings is whether the individual who was found guilty of the current offense of DUIL has, in fact, been convicted of the prior offenses as alleged in the supplemental information.[12]

In the habitual offender aspect of the DUIL-third offense charge, the prosecution has the burden of proving both the fact of the alleged prior convictions under the statute and the identity of defendant as the person who committed the previous DUIL offenses.[13] Each of the elements of the habitual offender statute must be established beyond a reasonable doubt by the prosecution.[14]

---

[11] *People v Robinson,* 386 Mich 551, 562-563; 194 NW2d 709 (1972).

[12] *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968), 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders, § 24, pp 327-328.

[13] MCL 257.625; MSA 9.2325, *People v Miller,* 357 Mich 400, 409-410; 98 NW2d 524 (1959).

[14] See *People v Harold Johnson,* 96 Mich App 652; 293 NW2d 664

The trial judge, in the exercise of his discretion, may impanel a new and separate jury if he discerns that the jury's resolution of the issue whether defendant was the person previously convicted will be prejudiced by its awareness of the evidence supporting the current conviction.

Defendant also claims that the trial court abused its discretion in excusing for cause, upon the prosecutor's motion, five jurors who had received traffic citations. The prosecution maintained that GCR 1963, 511.4(11) mandated that these jurors be excluded as a consequence of the traffic charges. The foregoing court rule provides a ground to challenge a juror for cause:

"(11) that the person is or has been a party adverse to the challenging party or attorney in a civil action, or has complained of or been accused by him in a criminal prosecution; * * *."

Without conducting an inquiry to determine whether cause existed to disqualify, the trial court summarily excluded from the jury panel the five potential jurors who had received traffic offenses. GCR 1963, 511.4 prescribes that "[e]very challenge for cause shall be determined by the court". A juror who is challenged for cause may be interrogated and required to give evidence relating to his qualifications and competency to serve as a juror.[15] The challenging party has the burden of making a

(1980), for an illustration of the nature of proofs submitted at the habitual stage of the proceedings.

[15] 2 Honigman & Hawkins, Michigan Court Rules Annotated, p 467. Some judges permit lawyers to conduct part of the interrogation. Other judges (including this author) conduct the interrogation themselves, putting to a juror any relevant inquiries requested by counsel. Either method is permitted by the court rules and decisions and nothing we do here limits that discretion of the trial judge or indicates any preference for one method over the other.

prima facie showing that the juror is prejudiced, incompetent, or disqualified.[16] Merely showing that a potential juror has been charged with a traffic offense is not, by itself, a sufficient basis for excusing a juror for cause.

However, in some situations, misdemeanor charges, such as a DUIL, may, when taken together with other answers of the challenged juror, constitute a sufficient basis to excuse a juror for cause. In this case, there is reason to believe the judge may have felt that a challenged juror with a traffic citation has "been accused" by the prosecutor in a criminal prosecution and, thus, must be excused for cause under the court rule.

We disagree. Most traffic violations have been decriminalized. If so, such a traffic violation is not, when standing alone, a sufficient basis to excuse for cause. Even with respect to those violations that have not been decriminalized, we do not believe GCR 1963, 511.4(11) requires automatic disqualification of such a juror. The county prosecutor does not prosecute all traffic citations in all counties.

In short, without going into all the possible ramifications of this subject, on this narrow issue we do not believe the trial judge was required to excuse these challenged jurors for cause on motion of the prosecutor. In so holding, we do not suggest that if this were the only error on appeal that we would necessarily reverse. A trial judge always has some area of discretion in attempting to obtain an impartial jury and our ruling on this narrow issue is not intended to reduce that discretion.

Reversed and remanded.

---

[16] *People v Collins,* 166 Mich 4; 131 NW 78 (1911).