PEOPLE v ROBINSON

Docket No. 64147. Submitted February 16, 1983, at Detroit.—Decided July 14, 1983.

Cleo Robinson was convicted of carrying a concealed weapon, Detroit Recorder's Court, Michael Sapala, J. The defendant appealed. *Held:*

The trial court did not err in admitting a witness's testimony that the defendant had robbed her because that was part of the res gestae of the offense with which the defendant was charged. The trial court did err in allowing the witness's testimony regarding the defendant's motive for the robbery. The defendant was neither charged with nor tried for robbery. The witness's disclosure that the defendant's motive for the robbery was to replace money that he had stolen from his employer, the Salvation Army, was substantially prejudicial to the defendant.

Reversed and remanded.

1. Criminal Law — Evidence — Prior Bad Acts — Rules of Evidence.

Generally evidence of a criminal defendant's bad acts is inadmissible to prove guilt of the charged offense; however, evidence of a defendant's prior bad acts is admissible where those acts are so blended or connected with the charged offense that proof of one incidentally involves the other or explains the circumstances of the crime (MRE 404[b]).

2. Criminal Law — Evidence — Res Gestae.

Res gestae are the circumstances, facts, and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character; included are the facts which so illustrate and characterize the principal fact as to constitute the whole one transaction and render the latter necessary to exhibit the former in its proper effect.

References for Points in Headnotes
[1] 29 Am Jur 2d, Evidence § 320.
[2] 29 Am Jur 2d, Evidence § 708.
[3] 29 Am Jur 2d, Evidence § 321.

3. CRIMINAL LAW — EVIDENCE — PRIOR BAD ACTS — ADMISSIBILITY.

> Three requirements must be met before evidence of a criminal
> defendant's prior bad acts may be admitted: (1) there must be
> substantial evidence that the defendant actually perpetrated
> the bad acts sought to be introduced; (2) there must be a
> showing that the facts or circumstances of the other bad acts
> are probative of the defendant's motive, intent, absence of
> mistake or accident, scheme, plan or system in committing the
> charged offense; and (3) defendant's motive, intent, absence of
> mistake or accident, scheme, plan or system must be material
> to the determination of the defendant's guilt of the charged
> offense.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Chari Grove),* for defendant on appeal.

Before: MACKENZIE, P.J., and BRONSON and HOOD, JJ.

PER CURIAM. Defendant appeals as of right his jury-based conviction of carrying a concealed weapon, MCL 750.227; MSA 28.424. On appeal, he raises several issues, only one of which requires review. We reverse and remand for a new trial.

The first witness called at the trial was the prosecution's key witness, defendant's former girlfriend, Rita Smith. She testified that she saw defendant in possession of the gun in question shortly before his arrest. Over defense counsel's objection, Smith testified that defendant had used the gun to rob her of $80 worth of food stamps. Smith then testified that defendant robbed her for a specific purpose: to get money to replace that which he had stolen from his employer, the Salva-

tion Army. The trial court overruled defendant's objection on the basis that the alleged robbery, as well as the underlying motive, "appea[r] to be part of the so-called res gestae of the offense". We disagree, and believe that Smith's testimony describing the *motive* for the alleged robbery was prejudicial and improperly admitted under MRE 404(b).

Generally, evidence of "bad acts" is inadmissible to prove guilt of the charged offense. *People v DerMartzex,* 390 Mich 410, 413; 213 NW2d 97 (1973); MRE 404(b). In admitting Smith's testimony, the trial court relied on the "res gestae" exception to this general rule. Under that exception, evidence of prior "bad acts" is admissible where those acts are "so blended or connected with the (charged offense) that proof of one incidentally involves the other or explains the circumstances of the crime", *People v Delgado,* 404 Mich 76, 83; 273 NW2d 395 (1978). Alternatively, "res gestae" has been defined as "the facts which so illustrate and characterize the principal fact as to constitute the whole one transaction, and render the latter necessary to exhibit the former in its proper effect". *People v Castillo,* 82 Mich App 476, 479-480; 266 NW2d 460 (1978). We acknowledge that the robbery of Smith was connected with the charged offense of carrying the weapon. This follows because defendant's use of the gun in threatening Smith was relevant to show guilty knowledge of the gun's presence shortly afterward, when police found it concealed in his car. The robbery incident was also relevant in explaining how defendant came to be arrested; Smith testified that, after she was robbed, she reported the incident to police, who in turn found defendant in his car with the gun. Given the foregoing, we agree with the people that the testimony describing the rob-

bery of Smith was a part of the "res gestae" properly admitted by the trial court.

However, the same conclusion does not apply to that portion of Smith's testimony describing defendant's *motive* for robbing her. Smith testified that defendant robbed her because he needed money to replace some that he had stolen from his employer, the Salvation Army. The theft from his employer was a "bad act" completely separate from the charged offense. At most, it provided a motive for robbery, a motive which had no bearing on this case because defendant was neither charged with nor tried for robbery. In *People v Berry,* 101 Mich App 399, 403-404; 300 NW2d 575 (1980), this Court observed:

"This Court in *People v Wilkins,* 82 Mich App 260, 267-268; 266 NW2d 781 (1978), *lv den* 406 Mich 857 (1979), *rev'd on other grounds* 408 Mich 69; 288 NW2d 583 (1980), stated that three requirements must be met before evidence of prior bad acts may be admitted:

"(1) There must be substantial evidence that the defendant actually perpetrated the bad act sought to be introduced.

"(2) There must be a showing that the 'facts' or circumstances of the other bad acts are probative of the defendant's motive, intent, absence of mistake or accident, scheme, plan or system *in committing the charged offense.*

"(3) Defendant's motive, intent, absence of mistake or accident, scheme, plan or system must be material to the determination of defendant's guilt *of the charged offense.*

"The general rule is that evidence of other bad acts may be introduced *only when the matter which they tend to prove is disputed. Wilkins, supra,* 268." (Emphasis added.)

In the present case defendant's act of stealing

money from his employer was in no way relevant to his having committed the charged offense. Nor was that act in any way material to the determination of defendant's guilt with respect to the charged offense. The matter of *why* defendant may have robbed Smith was not disputed at all; the only facet of the alleged robbery which might have been relevant was *how* it was committed (*i.e.,* the fact that defendant used the subject gun). Defendant's action vis-à-vis his employer not only lacked all probative value, they also raised a substantial potential for jury prejudice.[1] From the foregoing, we conclude that the trial court erred in admitting this testimony as part of the "res gestae", without weighing its prejudicial effect against its limited probative value. The requirements set forth in *Berry, supra,* were simply not fulfilled.

In concluding discussion of this issue, we note that the people misplace reliance on *People v Delgado, supra.* There, defendant was arrested for selling drugs to an undercover police officer. The trial court admitted testimony describing an earlier sale of drugs to the same officer where the prosecutor showed that the two drug sales were part of a common plan. Specifically, at the first sale the defendant sold the officer just a sample of drugs and made arrangements for the second sale,

---

[1] The potential for jury prejudice is substantial in any case where a witness testifies that the accused committed a "bad act" prior to trial, but in this case, the circumstances surrounding the "bad act" in question have combined to enhance the potential for prejudice. Defendant was described as having stolen from his employer—a particularly reprehensible act likely to stir the jury's passion—but, more important, his employer was identified as the Salvation Army. By so identifying the employer, the testimony cast a particularly bad light upon defendant.

The potential for prejudice was further enhanced by the fact that Smith described this "bad act" at the very outset of the trial; as a result, any adverse impression of defendant's "character" was with the jurors throughout the trial.

for which he was eventually arrested and tried. This Court approved admission of the testimony, observing that the two sales were "inextricably related". Contrast the present case, where defendant's alleged theft from his employer was not similarly part of a plan to commit the charged offense of carrying the subject weapon. On the contrary, the prior act was completely independent of the charged offense.

Our disposition of this issue renders unnecessary a review of defendant's remaining issues on appeal. The conviction must be reversed and the matter remanded for a new trial.

Reversed and remanded.