*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TREVOR THOMAS LADEWIG,

Defendant-Appellant.

UNPUBLISHED
June 25, 2020

No. 346036
Ionia Circuit Court
LC No. 2018-017423-FH

Before: BORRELLO, P.J., and RONAYNE KRAUSE and RIORDAN, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of operating while intoxicated—third offense, MCL 257.625(1), and was sentenced as a fourth-offense habitual offender, MCL 769.12, to 46 months to 25 years of incarceration. Defendant appeals as of right and argues that there was insufficient evidence presented to support his conviction. We affirm.

## I. FACTS

While driving, defendant made a turn without signaling and was stopped by a Lake Odessa Police Department officer. The officer first noticed defendant's vehicle because of its unusually loud exhaust, but pulled over defendant because of his failure to use a turn signal. After approaching the vehicle and contacting defendant, the officer smelled alcohol through defendant's open window and noticed that defendant's "speech was slurred, and his eyes were red and glossy." Defendant claimed he had been driving back from a bar where he consumed two drinks, two hours ago. The officer requested that defendant exit the vehicle and began administering a series of sobriety tests. The officer observed that defendant was swaying side to side. Defendant struggled to follow the instructions for the field sobriety test. Ultimately, he failed the test and was arrested for operating while intoxicated. Defendant complied with the officer's request for a breath test at the jail and the DataMaster returned a blood alcohol level of ".08 grams of alcohol per 210 liters of breath" (0.08%). Defendant was charged with operating while intoxicated (operating while under the influence of alcoholic liquor and/or having an alcohol content of 0.08 grams or more per 210 liters of breath)—third offense, MCL 257.625(1).

-1-

Defendant's case proceeded to trial where the jury heard testimony from the arresting officer. In addition, an Ionia County Sherriff's Department officer testified extensively about the DataMaster's functioning, regular inspections, and tests. He testified that none of the tests leading up to its use in the current case returned results that were so irregular as to undermine the results during an actual test. Defendant was convicted of operating while intoxicated, and this appeal followed. Defendant now argues that there was insufficient evidence to sustain his conviction. We disagree.

## II. ANALYSIS

"The test for determining the sufficiency of evidence in a criminal case is whether the evidence, viewed in a light most favorable to the people, would warrant a reasonable juror in finding guilt beyond a reasonable doubt." *People v Nowak*, 462 Mich 392, 399; 614 NW2d 78 (2000). The standard of review is deferential; we are required to draw all reasonable inferences and make credibility choices in support of the jury verdict. *Id*. at 400. Circumstantial evidence and reasonable inferences arising from the evidence can constitute satisfactory proof of the elements of the crime. *Id*. The prosecution need not negate every reasonable theory of innocence; instead, it need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *Id*.

MCL 257.625(1) provides:

(1) A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is operating while intoxicated. As used in this section, "operating while intoxicated" means any of the following:

(a) The person is under the influence of alcoholic liquor, a controlled substance, or other intoxicating substance or a combination of alcoholic liquor, a controlled substance, or other intoxicating substance.

(b) The person has an alcohol content of 0.08 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine or, beginning October 1, 2021, the person has an alcohol content of 0.10 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine.

(c) The person has an alcohol content of 0.17 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine.

Therefore, there are two alternative theories of criminal liability under this statutory scheme: (1) that the defendant's blood alcohol level exceeded the legal limit, MCL 257.625(1)(b), (c); or (2) that regardless of defendant's blood alcohol level, the defendant was "under the influence" of alcohol, MCL 257.625(1)(a). Under the latter theory, known as "OUIL," "the prosecution must prove that a defendant's ability to operate a vehicle "was substantially and materially affected by consumption of intoxicating liquor." *People v Lambert*, 395 Mich 296, 305; 235 NW2d 338 (1975) (quotation marks omitted). A driver is under the influence of alcohol when

the driver's "ability to operate a motor vehicle in a normal manner [is] substantially lessened" or the driver's "mental or physical condition [is] significantly affected" and the driver is "no longer able to operate a vehicle in a normal manner."  M Crim JI 15.3(2); see also *People v Walters*, 160 Mich App 396, 402; 407 NW2d 662 (1987); *People v Raisanen*, 114 Mich App 840, 844; 319 NW2d 693 (1982).

Defendant contends that there was insufficient evidence that he was driving under the influence because the officer admitted that defendant's driving was normal and that the only reason he noticed defendant's vehicle was because of defendant's loud exhaust.  Evidence of a defendant's ability to drive normally is relevant and exculpatory, but does not mandate a verdict of acquittal.  *Walters*, 160 Mich App at 402.  Although the officer first noticed defendant's vehicle because of its loud exhaust, he testified that the reason for his traffic stop was defendant's subsequent failure to use a turn signal.  Failing to use a turn signal is a traffic infraction that is against Michigan law.  See MCL 257.648(2).  Therefore, because his driving was not "normal," defendant's contention is without merit.

Defendant argues that the field sobriety tests were flawed because defendant sustained a hip injury that interfered with his ability to pass the leg-based tests, and the flashing lights on the patrol vehicle interfered with his ability to pass eye-based tests.  These alleged flaws do not inherently undermine the validity of defendant's conviction.

The officer testified that he stopped defendant's one-legged test because he believed it was unsafe and that defendant "couldn't do it because of his hip," but thought defendant struggled with test because of his intoxication rather than his injury.  The officer stated that the effect of the hip injury applied solely to the one-legged stand test, not the walk-and-turn test and that defendant struggled with following the verbal directions for the test because of his intoxication.  This evidence supports that it was defendant's intoxication, rather than his hip, that impeded his abilities to take the tests.  Insofar as there were inconsistencies in the dexterity tests, these inconsistencies go to the weight of the evidence and are appropriate for a jury to decide.  See *People v Wolfe*, 440 Mich 508, 517-518; 489 NW2d 748 (1992) (holding that credibility determinations are ultimately the jury's decision), amended 441 Mich 1201 (1992).  Even assuming that defendant's dexterity tests were impacted by his hip condition, the jury credited the officer's opinion that defendant's difficulties resulted from his intoxication as opposed to the hip injury.  When taken in the light most favorable to the prosecution, this is sufficient to affirm defendant's conviction.  See *Nowak*, 462 Mich at 399.

Regarding the visual tests, the officer testified that the flashing lights would have only affected the administration of the examination if defendant was facing those lights, and because defendant was 10 feet away from the flashing lights and was not directly facing them, only his periphery vision would have been affected.  The officer opined that at a 10-foot distance, it was unlikely defendant's periphery vision was impacted by the flashing lights.  When presented with evidence undermining the weight of the evidence supporting defendant's conviction, we resolve all ambiguities of credibility and the weight of testimony in favor of the prosecution.  See *People v Jackson*, 292 Mich App 583, 587-588; 808 NW2d 541 (2011).  The jury credited the officer's testimony that the lights would not impact the visual testing.  Resolving any ambiguity about the lights in favor of the prosecution, this evidence was sufficient to convict defendant.

Defendant next argues that because the officer did not attend the recommended recertification training for field sobriety tests within the recommended four years, his tests were deficient. The arresting officer explained that while refresher courses are recommended, they are not required, and that he remained certified despite his failure to take this refresher course. Thus, the officer's failure to take the refresher course only effects the weight of his testimony. See *id*. The jury reasonably credited the officer's testimony notwithstanding these irregularities. See *Nowak*, 462 Mich at 399.

Defendant contends that the DataMaster may have been defective and that the certified inspector's failure to testify undermines the sufficiency of defendant's conviction with regard to the evidence of defendant's blood alcohol level. However, caretaker for the DataMaster instrument testified extensively about the workings of the DataMaster instrument, how it functioned, and how the DataMaster was calibrated with weekly tests. Although no testimony was provided about the 120-day tests conducted by the inspector, there was sufficient testimony supporting the accuracy of the DataMaster and its proper functioning. The caretaker testified that if the inspector discovered anything defective with the DataMaster after the previous 120-day test, it would have been marked as out of service, and he explained that the DataMaster would not operate if a weekly test performed on it indicated an error. Defendant does not offer any evidence on appeal to undermine this testimony.

Thus, under either theory of operating while intoxicated, blood alcohol level or under the influence, sufficient evidence was presented to sustain defendant's conviction.

III. CONCLUSION

Sufficient evidence was presented to sustain defendant's conviction of operating while intoxicated—third offense, MCL 257.625(1). Accordingly, we affirm.

/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause
/s/ Michael J. Riordan