# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARK DANIEL STONE,

        Defendant-Appellant.

UNPUBLISHED
February 10, 2015

No. 318261
Macomb Circuit Court
LC No. 2012-001169-FH

Before: FORT HOOD, P.J., and JANSEN and GADOLA, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(b), assault with intent to commit criminal sexual conduct involving penetration (AWICSC), MCL 750.520g(1), and domestic violence, third offense, MCL 750.81(4). The trial court sentenced defendant to concurrent prison terms of 90 to 180 months for the CSC-III conviction, 24 to 120 months for the AWICSC conviction, and 24 to 60 months for the domestic violence conviction. We affirm.

Defendant was convicted of assaulting his former girlfriend in September and October 2011. The prosecutor's theory at trial was that defendant became abusive toward the victim after consuming drugs and alcohol. The prosecutor claimed that on two different occasions, defendant became violent with the victim in an effort to force her to perform oral sex on him. The victim performed the act in September 2011 at the Royal Motel, but defendant was not successful in completing the act on the second occasion on October 3, 2011. The defense theory at trial was that defendant did not do anything improper, that all of his sexual encounters with the victim were consensual, and that the victim falsely reported the crimes to the police in retaliation for defendant sleeping with his former girlfriend.

## I. DENIAL OF A MISTRIAL

Defendant argues that the trial court erred by denying his motion for a mistrial premised on his parole agent's testimony that a "sex condition" was part of defendant's standard parole conditions. We review a trial court's denial of a motion for a mistrial for an abuse of discretion. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). "This Court will find an abuse of discretion if the trial court chose an outcome that is outside the range of principled outcomes." *Id.*

-1-

## A. BACKGROUND

At defense counsel's request, the parties agreed that evidence of defendant's parole status could be presented to the jury. Before defendant's parole agent was called to testify, the prosecutor specifically instructed him to avoid discussing "what the defendant was on parole for" and to limit his testimony to "general terms of parole and the fact that he was on parole." During the prosecutor's questioning of the parole agent, the following exchange occurred:

> *Q.* And what were those [parole] conditions?
>
> *A.* He had standard conditions, to find employment, go to treatment, not use drugs. He was supposed to be on a tether condition, a GPS condition. *He also, I believe, had the sex condition of no contact with minors or be in a school zone*, and no assaultive or threatening behavior toward anyone.
>
> *Q.* Did he have a condition specifically regarding alcohol or illicit drugs?
>
> *A.* Yes, not to use alcohol or controlled substance. [Emphasis added.]

Upon completion of the parole agent's testimony, the jury was excused for lunch. Immediately thereafter, *the prosecutor* brought up the parole agent's reference to the "sex condition," noting that she had directed him to avoid that area. Ultimately, defendant moved for a mistrial, arguing that the jury had been tainted. The trial court denied defendant's motion for a mistrial, but agreed to give an appropriate limiting instruction modeled after CJI2d 4.11.

## B. ANALYSIS

"A mistrial should be granted only where the error complained of is so egregious that the prejudicial effect can be removed in no other way." *People v Gonzales*, 193 Mich App 263, 266; 483 NW2d 458 (1992). Defendant correctly notes that a prosecutor may not indiscriminately introduce prior bad acts of a defendant. See MRE 404(b)(1). The objectionable testimony, however, was not grounds for a mistrial. As the trial court acknowledged, defense counsel chose to present evidence of defendant's status as a parole absconder. Despite the prosecutor's instructions, the parole agent alluded to defendant's prior conviction when he testified that the conditions of defendant's parole included "the sex condition." The prosecutor's question did not invite this testimony. The parole agent's response was brief and unsolicited, and the prosecutor did not emphasize the objectionable testimony to the jury. "[A]n unresponsive, volunteered answer to a proper question is not grounds for the granting of a mistrial." *People v Haywood*, 209 Mich App 217, 228; 530 NW2d 497 (1995). Moreover, defendant's right to a fair trial was protected by the trial court's limiting instruction that the jury was not to consider any testimony about a prior act committed by defendant for which he was not on trial. Juries are presumed to follow their instructions. *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Defendant has not made an affirmative showing of prejudice or demonstrated that the trial court abused its discretion by denying his motion for a mistrial. *People v Vetoes*, 195 Mich App 235, 246; 489 NW2d 514 (1992).

In a related issue, defendant also argues that defense counsel was ineffective for failing to contemporaneously object to the improper testimony. Because defendant failed to raise an

ineffective assistance of counsel claim in the trial court in connection with a motion for a new trial or request for an evidentiary hearing, our review of this claim is limited to mistakes apparent from the record. *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973); *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000). Effective assistance of counsel is presumed and defendant bears a heavy burden of proving otherwise. *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994); *People v Effinger*, 212 Mich App 67, 69; 536 NW2d 809 (1995). To establish ineffective assistance of counsel, defendant first must show that counsel's performance was below an objective standard of reasonableness. In doing so, defendant must overcome the strong presumption that counsel's assistance was sound trial strategy. Second, defendant must show that, but for counsel's deficient performance, it is reasonably probable that the result of the proceeding would have been different. *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011).

When arguing the motion for a mistrial, defense counsel explained that he did not immediately object during the parole agent's testimony as a matter of trial strategy. It was not unreasonable for counsel to refrain from making a contemporaneous objection to avoid highlighting and placing undue emphasis on the challenged testimony, particularly where the reference was brief and the prosecutor did not capitalize on it. We "will not second-guess defense counsel's judgment on matters of trial strategy." *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011). Defense counsel was not ineffective for failing to immediately object to the testimony, and for instead electing to raise the issue in a motion for a mistrial outside the presence of the jury.

## II. OTHER ACTS EVIDENCE

Defendant argues that the trial court erred by admitting evidence of other bad acts, contrary to MCL 768.27b, MRE 404(b)(1), and MRE 403. As defendant acknowledges, he did not object to the challenged "other-acts" testimony. Therefore, this issue is unpreserved and review is limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 752-753, 763-764; 597 NW2d 130 (1999).

### A. THE INCIDENT AT THE ROYAL MOTEL

We find no merit to defendant's argument that the victim's testimony regarding defendant's conduct at the Royal Motel in September 2011 was improper other acts evidence. The challenged testimony did not involve "other acts" evidence because it was directly related to the CSC-III charge for which defendant was being tried. Thus, there was no plain error.

### B. DEROGATORY NAMES AND COMMENTS

Defendant also challenges the victim's testimony that he accused her of being unfaithful, called her insulting names, and made derogatory comments to her. She also testified that she was afraid to immediately report defendant to the police because of defendant's unspecified threats. Because this testimony involved defendant's statements, not other acts, its admission was not precluded by MRE 404(b)(1). "[A] prior statement does not constitute a prior bad act coming under MRE 404(b) because it is just that, a prior statement and not a prior bad act."

*People v Rushlow*, 179 Mich App 172, 176; 445 NW2d 222 (1989), citing *People v Goddard*, 429 Mich 505, 518; 418 NW2d 881 (1988).

Rather, a defendant's prior statements are admissible as statements of a party-opponent under MRE 801(d)(2). The appropriate inquiry is whether the statements were relevant under MRE 401 and, if so, whether they were subject to exclusion under MRE 403 because any probative value was substantially outweighed by their prejudicial effect. *Goddard*, 429 Mich at 515, 518. "A trial court admits relevant evidence to provide the trier of fact with as much useful information as possible." *People v Cameron*, 291 Mich App 599, 612; 806 NW2d 371 (2011). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Defendant's statements were relevant to show the nature of the parties' relationship. They were also probative of whether defendant used force or coercion to accomplish the act of oral sex at the Royal Motel.

In addition, we are not persuaded that the probative value of the evidence was substantially outweighed by any prejudicial effect. MRE 403 is not intended to exclude "damaging" evidence, because any relevant evidence will be damaging to some extent. *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995). Instead, it "is only when the probative value is *substantially outweighed* by the danger of unfair prejudice that evidence is excluded." *Id.* (emphasis in original). Unfair prejudice exists where there is "a danger that marginally probative evidence will be given undue or pre-emptive weight by the jury" or "it would be inequitable to allow the proponent of the evidence to use it." *Id.* at 75-76; see also *People v McGuffey*, 251 Mich App 155, 163; 649 NW2d 801 (2002). In the second situation, the unfair prejudice language "refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *Cameron*, 291 Mich App 611 (citations and quotations omitted). Defendant has not demonstrated that he was unfairly prejudiced by the evidence. While the evidence was damaging, as is most evidence presented against a criminal defendant, it was not inflammatory, nor did it interfere with the jury's ability to rationally weigh the evidence. The prosecutor focused on the proper purpose for which the evidence was admissible. Accordingly, there was no plain error.

## C. DEFENDANT'S USE OF DRUGS AND ALCOHOL WHILE ON PAROLE

The victim testified that she and defendant consumed alcohol and drugs during their relationship. There was also testimony that defendant's use of drugs and alcohol violated his parole conditions. According to the victim, defendant became angry and violent when he used drugs or alcohol. This testimony was relevant because the prosecutor's theory at trial was that defendant's use of drugs and alcohol contributed to his resort to force or coercion to accomplish the act of oral sex at the Royal Motel, and to his assaultive conduct on October 3. We agree with the prosecution that this evidence was admissible as res gestae evidence, which is an exception to MRE 404(b). *People v Robinson*, 128 Mich App 338, 340; 340 NW2d 303 (1983). Evidence of a defendant's other acts that are so blended or connected to the crime for which the defendant is charged is generally admissible to explain the circumstances of the crime charged so that the jury can hear the "complete story." *People v Delgado*, 404 Mich 76, 83; 273 NW2d 395 (1978). MRE 404(b) does not preclude admission of evidence intended to give the jury an intelligible

presentation of the full context in which disputed events occur. *People v Sholl*, 453 Mich 730, 741; 556 NW2d 851 (1996). The testimony regarding defendant's drug and alcohol use explained defendant's conduct surrounding the charged offenses. Further, but for defense's request that defendant's parole status be presented to the jury, the condition of defendant's parole that prohibited his use of drugs and alcohol would not have been admitted. Because the evidence was admissible as part of the res gestae of the charged offenses, independent of MRE 404(b)(1), there was no plain error.

### D. DEFENDANT BURNING, SPITTING, AND URINATING ON THE VICTIM

The victim testified that defendant burned her with a cigarette, and urinated and spat on her. It is unclear whether defendant is arguing that these other acts were inadmissible pursuant to MRE 404(b) or MCL 768.27b. Pursuant to MCL 768.27b(1), however, MRE 404(b) is not the governing rule for purposes of the proper analysis. Moreover, defendant primarily argues that the evidence was inadmissible because the evidence fails the balancing test of MRE 403. Thus, specific consideration of MRE 404(b) is not necessary.

MCL 768.27b provides that "in a criminal case in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403." Here, defendant was separately charged with domestic violence for his conduct against the victim. "MCL 768.27b permits evidence of prior domestic violence in order to show a defendant's character or propensity to commit" domestic violence. *People v Railer*, 288 Mich App 213, 219-220; 792 NW2d 776 (2010). The evidence was relevant to show defendant's character or propensity to engage in domestic violence against the victim. It also provided the jury with context for understanding the relationship between defendant and the victim, and it was probative of whether defendant used force or coercion to accomplish the act of oral sex at the Royal Motel.

With respect to the MRE 403 analysis required by MCL 768.27b, defendant has not demonstrated that he was unfairly prejudiced by the evidence. The prosecutor focused on the proper purpose for which the evidence was admissible. Moreover, in its final instructions, the trial court gave a cautionary instruction advising the jury on the limited, proper use of the evidence, thereby limiting any potential for unfair prejudice. There is no basis to conclude that the trial court erred by permitting the other acts testimony.

### E. EVIDENCE THAT DEFENDANT "SCREWED AROUND" WITH HIS EX-GIRLFRIEND

The victim's testimony that defendant engaged in consensual sexual intercourse with his former girlfriend is not the type of prior bad act that raises a MRE 404(b) concern. Even if it could be considered a prior bad act, the evidence was not admitted to prove defendant's character or propensity to commit the charged crimes against the victim. MRE 404(b)(1); see also *People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004). Indeed, part of the defense theory at trial was that the victim falsely accused defendant of the charged crimes because she was "major[ly] jealous" after learning that defendant had slept with his former girlfriend, whom the defense described as the victim's "nemesis." There is no basis for concluding that the testimony constituted plain error, or that its admission affected defendant's substantial rights.

## F.  INADEQUATE LIMITING INSTRUCTION

We also disagree with defendant's claim that the trial court erred by failing to craft instructions that specified how the jury could consider each alleged other act.  A "defendant is entitled to a carefully crafted limiting instruction advising the jurors that they are to consider the other acts evidence only as indicative of the reasons for which the evidence is proffered to cushion any prejudicial effect flowing from the evidence."  *People v Martzke*, 251 Mich App 282, 295; 651 NW2d 490 (2002).  A limiting instruction generally "suffice[s] to enable the jury to compartmentalize evidence and consider it only for its proper purpose . . . ."  *People v Crawford*, 458 Mich 376, 399 n 16; 582 NW2d 785 (1998).  Here, the trial court gave an instruction based on CJI2d 4.11, the standard limiting instruction for other acts evidence, and correctly instructed the jury to consider the other acts evidence only for permissible noncharacter purposes.  Under the circumstances, where defendant made no specific request for an instruction tailored to any specific circumstances, there was no plain error in giving the standard instruction.

## G.  INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that defense counsel ineffectively represented him by failing to object to the admission of the other acts evidence.  Given our determination that no error occurred with respect to the admission of the challenged other acts evidence, we conclude that defense counsel was not ineffective for failing to object to the evidence.  Defense counsel was not required to raise a meritless objection.  *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

## III.  SUFFICIENCY OF THE EVIDENCE

Defendant next argues that his convictions of CSC-III and AWICSC must be vacated because the prosecution failed to present sufficient evidence that the sexual acts were not consensual.  We disagree.  When ascertaining whether sufficient evidence was presented at trial to support a conviction, we must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt.  *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012).  Circumstantial evidence and reasonable inferences arising from the evidence can constitute satisfactory proof of the elements of the crime.  *People v Brantley*, 296 Mich App 546, 550; 823 NW2d 290 (2012).  "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury's verdict."  *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

Defendant argues that because the evidence showed that he and the victim had a prior consensual sexual relationship, there was reasonable doubt with respect to whether the charged acts were not consensual.  "The testimony of a victim need not be corroborated in prosecutions under sections 520b to 520g."  MCL 750.520h; see also *Brantley*, 296 Mich App at 551.  Regarding the incident at the Royal Motel, the victim testified that she was tired and wanted to go to sleep, but defendant became violent and demanded that she "get him off, period" and "there was no option about it."  According to the victim, defendant "slammed [her] head against the back window of [her] car, and forced [her] to perform oral sex on him."  This testimony was sufficient to enable the jury to find beyond a reasonable doubt that defendant engaged in an act

of sexual penetration accomplished by force or coercion, thereby establishing his guilt of CSC-III. MCL 750.520d(1)(b). Similarly, regarding the incident on October 3, the victim testified that defendant stated that he wanted to "get off" and requested sexual favors. When the victim refused defendant's requests, defendant "ripped [her] glasses off [her] face" and "slammed [her] head into his crotch," causing her nose to hit defendant's pants on top of his penis. This testimony was sufficient to enable the jury to find beyond a reasonable doubt that defendant assaulted the victim with the intent to commit CSC involving sexual penetration. MCL 750.520g(1); *People v Nickens*, 470 Mich 622, 627; 685 NW2d 657 (2004). Defendant's challenge to the credibility of the victim's testimony was a matter for the jury to decide and does not affect the sufficiency of the evidence. *People v Scotts*, 80 Mich App 1, 9; 263 NW2d 272 (1977). This Court will not interfere with the jury's role of determining issues of weight and credibility, *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992), and is required to draw all reasonable inferences and make credibility choices in support of the jury's verdict, *Nowack*, 462 Mich at 400. Viewed in a light most favorable to the prosecution, the evidence was sufficient to support defendant's convictions.[1]

## IV. SCORING OF OFFENSE VARIABLE 4

We disagree with defendant's argument that resentencing is required because the trial court erroneously scored offense variable (OV) 4. At sentencing, the trial court asked the attorneys if they had the opportunity to review the "presentence investigation and the scoring," and if there were "any corrections?" The attorneys responded:

> *The prosecutor:* Yes, Judge. We went over the presentence report together. We reviewed the scoring together. We both, I think, are in agreement that PRV's are scored accurately at 80 points. *And the offense variables are scored accurately at 35 points.*

> *Defense counsel: That would be my understanding as well, Judge. That's correct.* [Emphasis added.]

By expressly agreeing to the scoring of the offense variables, which included the 10-point score for OV 4, defendant waived any error. *People v Carter*, 462 Mich 206, 214-216; 612 NW2d 144 (2000). A waiver extinguishes any error, leaving no error to review. *Id.* at 216.

Defendant alternatively argues that defense counsel was ineffective for failing to object to the scoring of OV 4. Again, we disagree. Ten points may be scored for OV 4 where "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). A 10-point score is appropriate if the "serious psychological injury *may* require professional

---

[1] For the same reasons, we reject defendant's argument that the trial court erred when it denied his motion for a directed verdict. Review of a trial court's decision denying a directed verdict motion is subject to the same standards as whether a defendant's convictions are supported by sufficient evidence. *People v Schultz*, 246 Mich App 695, 702; 635 NW2d 491 (2001). The trial court properly concluded that defendant's argument involved a question of fact for the jury.

treatment" and "the fact that treatment has not been sought is not conclusive." MCL 777.34(2). Here, the trial court's score of 10 points is supported by the victim's impact statement, in which the victim indicated that she "fear[s] for [her] physical safety," has been "emotionally and physically traumatized," is "depressed and [has] missed work," no longer trusts people, and is "currently in counseling to work through the trauma." *People v Davenport (After Remand)*, 286 Mich App 191, 200; 779 NW2d 257 (2009). In light of this evidence, any objection by defense counsel would have been futile. *Ericksen*, 288 Mich App at 201. Defense counsel was not ineffective for failing to object to the scoring of OV 4.

## V. FAILURE TO CONSIDER MITIGATING FACTORS AT SENTENCING

We also reject defendant's argument that resentencing is required because the trial court relied on inaccurate and incomplete information, and failed to take into account crucial mitigating factors at the time of sentencing. Because defendant did not preserve this issue by raising these claims below, our review is limited to plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763-764.

Defendant was sentenced within the sentencing guidelines range of 87 to 145 months. This Court must affirm a sentence within the appropriate guidelines range absent an error in scoring the guidelines or reliance on inaccurate information in determining the sentence. MCL 769.34(10); *People v Kimble*, 470 Mich 305, 310-311; 684 NW2d 669 (2004). Defendant argues that the trial court relied on inaccurate or incomplete information because it failed to conduct an assessment of his rehabilitative potential through intensive alcohol, drug, and psychiatric treatment. MCR 6.425(A)(1)(e) only requires a probation officer to include in the presentence investigation report (PSIR) "the defendant's medical history, substance abuse history, if any, and, if indicated, a current psychological or psychiatric report." Defendant does not contend that the PSIR inaccurately reported any of these matters. The trial court was not required to conduct an assessment of defendant's rehabilitative potential through treatment, and, accordingly, defendant has failed to show that the trial court relied on inaccurate or incomplete information.

Defendant also argues that the trial court failed to take into account mitigating factors such as his mental health history, substance abuse, and family support when it calculated his sentence. This argument also fails. First, the presence or absence of mitigating factors was already taken into account by the trial court's scoring of the guidelines, and the trial court relied on the applicable guidelines range when determining defendant's sentence. See *People v Osby*, 291 Mich App 412, 416; 804 NW2d 903 (2011); *People v Nunez*, 242 Mich App 610, 617-618; 619 NW2d 550 (2000). Second, there is no indication in the record that the trial court failed to consider defendant's alleged mitigating factors. *Id*. On the contrary, the record reveals that the trial court reviewed the PSIR, which fully informed the trial court of the three "mitigating" factors that defendant identifies on appeal. Because defendant's sentence is within the appropriate guidelines range and defendant has not identified a scoring error or shown that the trial court relied on inaccurate information in imposing sentence, we must affirm his sentences. MCL 769.34(10); see also *People v Jackson*, 487 Mich 783, 791-792; 790 NW2d 340 (2010).

For these same reasons, we reject defendant's related claim that defense counsel was ineffective for failing to object to the length of his sentences. Defendant does not identify any mitigating evidence that was not brought to the trial court's attention and has not demonstrated

that the trial court relied on inaccurate information. Accordingly, there is no basis for concluding that defense counsel's performance fell below an objective standard of reasonableness.

## VI. DEFENDANT'S SUPPLEMENTAL BRIEF

Defendant raises an additional evidentiary claim in a supplemental brief. Specifically, he argues that the parole agent's testimony relaying the victim's statements that she made to him regarding the assaults did not constitute a prior consistent statement under MRE 801(d)(1)(B) and was inadmissible hearsay.[2] Defendant failed to object to the challenged testimony, leaving this issue unpreserved. Accordingly, review is limited to plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763-764.

We agree with defendant that the challenged testimony was not a prior consistent statement under MRE 801(d)(1)(B). Indeed, it was not used to rebut any charge of recent fabrication against the victim. We further agree with defendant that hearsay is inadmissible at trial unless there is a specific exception allowing its introduction. MRE 802. However, viewed in context, the parole agent's testimony regarding the victim's statements was not offered for the truth of the matter asserted. See MRE 801(c). Instead, it was merely offered as background information about the victim's reporting of the assaults. Moreover, any error in the admission of the testimony did not affect defendant's substantial rights. *Carines*, 460 Mich at 763. The victim testified at trial regarding her encounters with defendant. Defense counsel had the opportunity to cross-examine her and did so at length. The parole agent's testimony regarding the victim's description of the events was cumulative of the victim's properly admitted testimony. In short, there is no reasonable probability that the parole officer's cumulative testimony affected the jury's determination regarding defendant's guilt or innocence. Defendant is not entitled to a new trial on the basis of this unpreserved issue.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Michael F. Gadola

---

[2] In his supplemental brief, defendant also challenges the admission of the parole agent's testimony about the "sex condition" of defendant's parole. As explained in section I of this opinion, the trial court did not err by denying defendant's motion for a mistrial on this basis, and the trial court's instructions protected defendant's substantial rights.