# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

PEOPLE v WOOLFOLK

Docket No. 149127.  Decided December 2, 2014.

Deandre M. Woolfolk was convicted following a jury trial in the Wayne Circuit Court of first-degree murder and possession of a firearm during the commission of a felony for his part in a fatal shooting that took place one to two hours before defendant's 18th birthday.  The court, Vera Massey Jones, J., sentenced defendant to life in prison without the possibility of parole for the murder conviction and a consecutive two-year term for the felony-firearm conviction. Defendant appealed, alleging, among other things, that sending him to life in prison without the possibility of parole violated the Eighth Amendment under *Miller v Alabama*, 567 US ___; 132 S Ct 2455; 183 L Ed 2d 407 (2012), because he had not yet turned 18 when the crime was committed.  The Court of Appeals, BOONSTRA, P.J., and DONOFRIO and BECKERING, JJ., affirmed the convictions but remanded for resentencing, holding that defendant did not attain the age of 18 until the anniversary date of his birth and that the common-law rule, under which one becomes of full age the first moment of the day before the anniversary of his or her birth, did not apply to defendant.  304 Mich App 450 (2014).  The prosecutor applied for leave to appeal, and defendant applied for leave to cross-appeal.

In a memorandum opinion signed by Chief Justice YOUNG and Justices MARKMAN, KELLY, ZAHRA, MCCORMACK, and VIVIANO, the Supreme Court, in lieu of granting leave to appeal and without hearing oral argument, *held*:

A defendant is a juvenile for the purposes of *Miller* when he or she is under the age of 18 as determined by his or her anniversary of birth.  By this calculation, defendant remained under the age of 18 at the time he committed the instant homicide offense and is therefore entitled to be treated in accordance with the rule in *Miller*.

Court of Appeals judgment affirmed; leave to appeal as cross-appellant denied.

Justice CAVANAGH concurred in the result only.

©2014 State of Michigan

# Opinion

Chief Justice:          Justices:
Robert P. Young, Jr.    Michael F. Cavanagh
                        Stephen J. Markman
                        Mary Beth Kelly
                        Brian K. Zahra
                        Bridget M. McCormack
                        David F. Viviano

FILED DECEMBER 2, 2014

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant/
Cross-Appellee,

v                                                    No. 149127

DEANDRE MARTEZ WOOLFOLK,

Defendant-Appellee/
Cross-Appellant.

BEFORE THE ENTIRE BENCH

MEMORANDUM OPINION.

The issue before this Court concerns the matter of age calculation for the purposes of *Miller v Alabama*, 567 US ___; 132 S Ct 2455; 183 L Ed 2d 407 (2012), in which the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' "   The Court of Appeals in a very thorough and thoughtful opinion held that such calculation must be made with reference to a person's anniversary of birth.  We agree and affirm the judgment of the Court of Appeals.

Between 10:00 and 11:00 p.m. on January 28, 2007, defendant took part in a fatal shooting. Defendant was born on January 29, 1989, so the shooting occurred one to two hours before the 18th anniversary of his birthday. A jury found defendant guilty of first-degree murder, MCL 750.316, and the trial court sentenced defendant to mandatory life in prison without the possibility of parole for the conviction. On direct appeal, defendant argued that he was entitled to resentencing in accordance with *Miller* because he was "under the age of 18" when the shooting occurred. While affirming defendant's convictions, the Court of Appeals remanded for resentencing on the grounds asserted by defendant. *People v Woolfolk*, 304 Mich App 450; 848 NW2d 169 (2014).

"[T]he common law prevails except as abrogated by the Constitution, the Legislature, or this Court." *People v Stevenson*, 416 Mich 383, 389; 331 NW2d 143 (1982). This state's common law is adopted from England, *In re Receivership of 11910 S Francis Rd*, 492 Mich 208, 219; 821 NW2d 503 (2012), and to identify such law this Court may consider original English cases and authorities, *People v Duffield*, 387 Mich 300, 314; 197 NW2d 25 (1972).

In *Nichols v Ramsel*, 2 Mod 280; 86 Eng Rep 1072 (KB, 1677), the court of common pleas in England stated:

> So in a devise the question was, whether the testator was of age or not? And the evidence was, that he was born the first day of January in the afternoon of that day, and died in the morning on the last day of December: and it was held by all the Judges that he was of full age; for there shall be no fraction of a day.

Furthermore, the English jurist and expositor of the common law, William Blackstone, has written:

> So that full age in male or female is twenty-one years, which age is completed on the day preceding the anniversary of a person's birth; who till that time is an infant, and so styled in law. [Blackstone, Commentaries on the Laws of England (Jones ed, 1976), p 661.]

Given these authorities, as well as additional ones cited by the Court of Appeals, we agree that under English common law, an individual reaches the next year of age on the day preceding his or her anniversary of birth. This common law was adopted as the law of this state upon statehood and has since remained the law of this state.

However, this Court "[has] not hesitated to examine common-law doctrines in view of changes in society's mores, institutions, and problems, and to alter those doctrines where necessary." *Adkins v Thomas Solvent Co*, 440 Mich 293, 317; 487 NW2d 715 (1992). Our role when doing so is "to determine which common-law rules best serve the interests of Michigan citizens." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 607; 614 NW2d 88 (2000). More particularly, our role in such circumstances is to determine the "prevailing customs and practices of the people" in this state. *Woodman v Kera, LLC*, 486 Mich 228, 278; 785 NW2d 1 (2010) (MARKMAN, J., concurring in part and dissenting in part).

As recognized by the Court of Appeals, this Court at times has seemingly employed language consistent with calculating age by anniversary of birth. See, e.g., *Bay Trust Co v Agricultural Life Ins Co*, 279 Mich 248, 253; 271 NW 749 (1937) (arguably set forth in dicta). Compare *People v Aaron*, 409 Mich 672, 722; 299 NW2d 304 (1980) ("It is a well-settled principle that a 'point assumed without consideration is of course not decided.' "). Notwithstanding that dicta cannot establish the basis for a change in common law, the language in *Bay Trust* is consistent with this Court's present

3

understanding of the prevailing customs and practices of the people to determine the next year of age by anniversary of birth, not by the day preceding the anniversary of birth as at English common law. In addition, we are persuaded by the Court of Appeals' recitation of statutes referring to year of age by date of birth. See, e.g., MCL 380.1561(1). These statutes express legislative policy that this Court may also consider in discerning the common law. *Moning v Alfono*, 400 Mich 425, 453-454; 254 NW2d 759 (1977). We therefore take this opportunity to make clear that the common law of this state should now be understood to provide that a defendant is a juvenile for the purposes of *Miller* when he or she is under the age of 18, *as determined by his or her anniversary of birth*. By this calculation, defendant remained "under the age of 18" at the time he committed the instant homicide offense and is therefore entitled to be treated in accordance with the United States Supreme Court's rule in *Miller*.

We thus affirm the Court of Appeals. The application for leave to appeal as cross-appellant is denied, because we are not persuaded that the questions presented should be reviewed by this Court.

> Robert P. Young, Jr.
> Stephen J. Markman
> Mary Beth Kelly
> Brian K. Zahra
> Bridget M. McCormack
> David F. Viviano

CAVANAGH, J. I concur in the result only.

4