*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JACK WILLIAM LAPINSKAS,

Defendant-Appellant.

UNPUBLISHED
July 23, 2025
2:42 PM

No. 368458
Delta Circuit Court
LC No. 22-010861-FH

Before: CAMERON, P.J., and REDFORD and GARRETT, JJ.

PER CURIAM.

Defendant-appellant, Jack William Lapinskas, was convicted by a jury of one count of delivery of methamphetamine, MCL 333.7401(2)(b)(*i*). The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10; to serve 36 months to 30 years' imprisonment. Defendant appeals as of right his conviction and sentence, and argues (1) the trial court erred when it granted the prosecution's challenges for cause of two prospective jurors; (2) trial counsel was ineffective for failing to object to the prosecution's challenges for cause; and (3) defendant's maximum sentence is invalid because the trial court failed to articulate on the record that it had discretion when imposing the maximum sentence. For the reasons set forth in this opinion, we affirm defendant's conviction and sentence.

## I. BACKGROUND

This appeal stems from defendant's conviction of delivery of methamphetamine arising from his sale of methamphetamine to an undercover officer and an informant. Before his trial, the prosecution provided notice of its intent to challenge for cause several prospective jurors because

they had been charged or convicted of a crime by the Delta County Prosecutor's Office pursuant to MCR 2.511(E)(10).[1]

During voir dire, the prosecution moved to excuse Juror 25 and Juror 32, under MCR 2.511(E)(10), on the basis that they had been convicted of crimes by the Delta County Prosecutor's Office in the past. After the trial court's query, defense counsel stated that she did not have an objection to either of those challenges, and the trial court excused the two jurors. Outside of the challenges for cause, the prosecution exercised one peremptory challenge against another prospective juror. Thereafter, a jury was successfully empaneled and defendant was convicted as described.

At defendant's sentencing hearing, the trial court noted that his conviction carried a maximum sentence of 20 years under MCL 333.7401(2)(b)(*i*). However, because defendant had a previous felony conviction, the prosecution argued that defendant's sentence should be enhanced under MCL 769.10(1)(a). The trial court corrected defendant's presentence investigation report to note that defendant was a second-offense habitual offender, and it asked the parties whether there were any objections to the guidelines for defendant's sentence. Defense counsel stated that there was no objection to the trial court's correction of the presentence investigation report or the guidelines. Subsequently, the trial court sentenced defendant as a second-offense habitual offender to serve 36 months to 30 years' imprisonment. This appeal followed.

## II. JURY SELECTION

Defendant argues that the trial court erred when it granted the prosecution's for-cause challenges of the two jurors based on this Court's decision in *People v Eccles*, 260 Mich App 379; 677 NW2d 76 (2004). Defendant does not characterize the trial court's application of *Eccles* as erroneous, but contends that *Eccles* was wrongly decided. This issue is waived; however, if we were to review it, defendant is not entitled to relief because he cannot establish error, plain or otherwise.

To preserve a claim of error involving the impaneling of the jury, a defendant must raise the claim in the trial court. *Id*. at 385. Defense counsel did not object when the prosecution sought to dismiss Jurors 25 and 32 for cause under MCR 2.511(E)(10). Therefore, defendant did not preserve this claim of error. Not only is this claim of error unpreserved, but it is also waived. "Waiver has been defined as the intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (quotation marks and citation omitted). "If any rights are waived under a rule, appellate review of a claimed deprivation of those rights is foreclosed because the waiver has extinguished any error." *People v Adams*, 245 Mich App 226, 240; 627 NW2d 623 (2001). The record discloses that before trial, the prosecution gave notice of its intent to challenge the two jurors and others for cause under MCR 2.511(E)(10) because they were previously accused of crimes by the Delta County Prosecutor's Office. When the prosecution challenged the two jurors for cause during voir dire, the trial court queried if

---

[1] At the time of defendant's jury trial, the applicable court rule was codified in MCR 2.511(D)(10). MCR 2.511 was amended effective January 1, 2024. Each version of the rule contains identical language. We use the current court rule throughout this opinion.

defense counsel had any objections to either of the prosecution's challenges. Defense counsel affirmed she had no objections. Defense counsel, who had notice of the prosecution's intent to challenge these jurors on this ground, waived the issue at trial by affirmatively stating that she had no objection to the excusal of these jurors.

Nevertheless, if we were to review this issue, we would review it for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). To avoid forfeiture under the plain error rule, defendant bears the burden of establishing (1) that an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected his substantial rights. *Id*. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. We are required to exercise "discretion in deciding whether to reverse" and reversal "is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (quotation marks and citation omitted; alteration in original).

To the extent this claim of error concerns the interpretation of a court rule, this Court's review is de novo. *Eccles*, 260 Mich App at 382. We construe court rules using the same legal principles applicable to the interpretation of statutory provisions. *People v Williams*, 483 Mich 226, 232; 769 NW2d 605 (2009). "When construing a court rule, we begin with its plain language; when that language is unambiguous, we must enforce the meaning expressed, without further judicial construction or interpretation." *Id*.

Challenges to prospective jurors for cause are governed by MCR 2.511(E). Under MCR 2.511(E)(10), "It is grounds for a challenge for cause that the person: . . . is or has been a party adverse to the challenging party or attorney in a civil action, or has complained of or has been accused by that party in a criminal prosecution[.]" In *Eccles*, this Court construed language identical with this provision when it was codified as former MCR 2.511(D)(11). The Court explained that generally the determination whether to excuse a juror for cause is within the discretion of the trial court. *Eccles*, 260 Mich App at 382-383. However, "once a party shows that a prospective juror falls within the parameters of one of the grounds enumerated in [MCR 2.511(E)], the trial court is without discretion to retain that juror, who must be excused for cause." *Id*.

In *Eccles*, the prosecution challenged four prospective jurors under MCR 2.511(E)(10) because the prospective jurors had been the subject of misdemeanor criminal proceedings initiated by the same county prosecutor's office that had brought charges against the defendant. *Id*. at 381. On appeal, the defendant challenged the trial court's excusal of these prospective jurors, arguing that the county prosecutor was not a "party in a criminal prosecution" within the meaning of the court rule. *Id*. (quotation marks and citation omitted). This Court concluded that the trial court did not plainly err in granting the prosecution's for-cause challenges. *Id*. at 383-384. In support of its conclusion, this Court referenced a legal treatise to explain that the grounds identified in MCR 2.511 fell into two categories: one category identifying persons who are not statutorily qualified to act as a juror and one category identifying jurors who had impaired abilities to render a fair and impartial verdict. *Id*. at 382. This Court reasoned that prospective jurors who had been

the subject of a criminal prosecution fell into the second category because it raised a question concerning that person's capacity for impartiality. *Id*. at 383.

It continued on to explain that, contrary to the defendant's arguments, the prosecutor was a party within the plain language of MCR 2.511(E)(10). *Id*. In civil litigation, any number of individual attorneys could be chosen to represent a particular party. *Id*. However, in criminal prosecutions, only the prosecuting attorney represented the people of this state. *Id*. Accordingly, "[t]his 'oneness' of party and attorney explains the different language employed by the rule for criminal, as opposed to civil, actions and, when viewed in conjunction with the purpose underlying a challenge for cause as discussed above, militates against the argument advanced by [the] defendant." *Id*. Therefore, the prospective jurors who had been accused of a crime by that prosecutor's office were excludable under the court rule. *Id*. at 383-384.

Defendant contends that *Eccles* was wrongly decided. As an initial matter, we note that *Eccles* is binding on this Court under MCR 7.215(J)(1) ("A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule.") Defendant has not argued and we are unaware of a decision of the Supreme Court reversing or modifying *Eccles*. Accordingly, this Court may express disagreement with *Eccles*, but we may not issue an opinion adverse to it. Moreover, we disagree with defendant that *Eccles* was wrongly decided. Rather, we conclude *Eccles* was well-reasoned and conforms to the plain language of the court rule.

Defendant raises several arguments in support of his assertion that *Eccles* was wrongly decided. First, defendant argues that the *Eccles* Court's construction of MCR 2.511(E)(10) contravenes the Legislature's intent, as stated in MCL 600.1307a(1), by excluding otherwise unbiased persons charged or convicted of misdemeanor crimes from serving on a jury. We disagree. There is no apparent conflict between the court rule and statute.

MCL 600.1307a(1) lists the criteria a person must meet to serve on a jury:

> (1) To qualify as a juror, an individual must meet all of the following criteria:

> (a) Be a citizen of the United States, 18 years of age or older, and a resident in the county for which the individual is selected, and in the case of a district court in districts of the second and third class, be a resident of the district.

> (b) Be able to communicate in the English language.

> (c) Be physically and mentally able to carry out the functions of a juror. Temporary inability must not be considered a disqualification.

> (d) Not have served as a petit or grand juror in a court of record during the preceding 12 months.

> (e) Not have been convicted of a felony.

As stated in MCL 600.1307a(1), these criteria are the minimum requirements a person must meet to be permitted to serve as a juror. This statute does not mandate that once a person meets these minimum requirements, they must be allowed to serve as a juror. As such, MCR 2.511(E) does not contravene these minimum requirements. When there is no challenge for cause, the grounds in MCR 2.511(E) do not prevent a person that meets the minimum criteria in MCL 600.1307a(1) from serving on a jury. Rather, only once a challenging party has shown that a prospective juror has fallen within one of the grounds in MCR 2.511(E), does the court rule establish that a person must be excused from serving on a jury for cause.

As explained in *Eccles*, 260 Mich App at 283, the court rule identifies several types of relationships that give rise to a presumption of bias. See, e.g., MCR 2.511(E)(8) (stating that a party may challenge for cause a juror who "is related within the ninth degree (civil law) of consanguinity or affinity to one of the parties or attorneys"). When a challenge for cause falls within one of the types of relationships listed in MCR 2.511(E), the relationship is equivalent to establishing bias or prejudice at common law. *Eccles*, 260 Mich App at 383. As relevant to this appeal, prospective jurors who have been involved in litigation with a party in the present proceeding are a type of relationship that gives rise to a presumption of bias. Because the court rule does not implicate the general qualifications to serve on a jury, it does not conflict with MCL 600.1307a(1).[2]

Defendant further argues that the court rule broadly prohibits all individuals who have been accused of a crime from serving on a jury regardless of any individualized determination of actual bias. As an example, defendant contends that individuals who have been charged with minor infractions years before the present case would have little reason to be biased against the prosecution. This argument overbroadly interprets the court rule. All persons accused of an offense are not excludable under MCR 2.511(E)(10). Rather, the court rule precludes persons who have been accused of a crime by the challenging party or persons who have accused the challenging party of a crime. Accordingly, contrary to defendant's assertion, the prospective juror must have been "accused by" the same prosecutor's office involved in the present case. Additionally, the charges involved must rise to the level of a crime. See *People v Raisanen*, 114 Mich App 840, 847-848; 319 NW2d 693 (1982) (explaining that under a former version of MCR 2.511(E)(10), it was insufficient that the prospective jurors had been charged with traffic offenses; the challenging party was required to show that the offense rose to the level of a crime and was brought by that prosecutor's office). Consequently, persons accused of crimes by other prosecutor's offices or persons accused of decriminalized infractions would not be precluded from serving as a juror under the court rule. Further, defendant's hypothetical situation in which a prospective juror was charged with a crime years or decades before the present case by that prosecutor's office still implicates the concern for the appearance of bias. We find little difficulty imagining that a person accused

---

[2] For this reason, defendant's argument that MCR 2.511(E)(10) violates the separation of powers must also fail. See *McDougall v Schanz*, 461 Mich 15, 24; 597 NW2d 148 (1999) (explaining that the first inquiry to determine whether a provision violates the separation of powers is whether there is a conflict between the provision and a statute).

of a crime, regardless of their guilt, would continue to hold animosity toward the party that accused them of that crime and subjected them to prosecution.

Defendant also contends that the *Eccles* Court's construction of MCR 2.511(E)(10) is ambiguous in a manner that improperly modifies the common law of this state. We disagree. As a preliminary matter, our Supreme Court has the authority to modify the common law of this state. See *People v Stevenson*, 416 Mich 383, 389; 331 NW2d 143 (1982) (explaining that "the common law prevails except as abrogated by the Constitution, the Legislature, or this Court"); see also *People v Woolfolk*, 497 Mich 23, 25; 857 NW2d 524 (2014). Second, MCR 2.511(E)(10) as construed by the *Eccles* Court is not ambiguous. As previously explained, it excludes prospective jurors who have been shown to have the requisite relationship with the challenging party from jury service.

Finally, defendant argues the trial court denied him due process by arbitrarily exercising its power to systemically and unconstitutionally exclude otherwise qualified persons from the jury. We disagree. Due process requires fundamental fairness. *People v Fike*, 228 Mich App 178, 184; 577 NW2d 903 (1998). This guarantee secures individuals from the arbitrary exercise of governmental power. See *People v Sadows*, 283 Mich App 65, 69; 768 NW2d 93 (2009). Defendant has not established the *Eccles* decision violates either the United States or Michigan Constitutions. A trial court that grants a challenge for cause under MCR 2.511(E)(10) on the basis of the implied bias that arises when a prospective juror has a preexisting relationship with a party— in this case having been accused of a crime by the same prosecutor's office—has acted to secure the fairness and impartiality of trials by protecting the jury verdict against accusations of the appearance of bias. Defendant's right to fundamental fairness was not infringed.[3] For these reasons, we disagree that *Eccles* was wrongly decided.

Defendant cannot establish plain error. The record reflects that the prosecution challenged two prospective jurors who had been previously accused by the Delta Prosecutor's Office of criminal offenses. During voir dire, Juror 25 stated that he had been convicted of operating while intoxicated, MCL 257.625, out of the Delta County Courthouse. It is unclear from the record with what charges Juror 32 was accused. During voir dire, Juror 32 did not state what offenses he had been convicted of, but affirmed that he had been convicted of "a couple of crimes . . . in this building." From this record, we can conclude that both Jurors 25 and 32 were accused of crimes by the Delta County Prosecutor's Office. After the prosecution challenged these jurors for cause, the trial court was required to exclude them. *Eccles*, 260 Mich App at 383. Because the trial court, which was bound to apply *Eccles*, see MCR 7.215(C)(2), properly excluded the two jurors, defendant cannot establish error, plain or otherwise. See *Carines*, 460 Mich at 763.

Moreover, even if defendant could establish plain error, he could not show that the error affected his substantial rights. See *id*. The record discloses that the prosecution exercised only one of its five possible peremptory challenges during voir dire. See MCL 768.12(1); MCR

---

[3] Because we conclude that defendant was not denied due process of law, we decline to address defendant's argument that the denial of due process in this case was structural and not subject to review for harmless error.

6.412(E). Jurors who are otherwise qualified to serve on a jury under MCL 600.1307a(1) and who do not indicate that they are biased may be excused on the basis of a peremptory challenge. By their very nature, peremptory challenges are arbitrary and discretionary.[4] Had Jurors 25 and 32 not been excused for cause, the prosecution was not prevented from validly excluding them using peremptory challenges. Therefore, if this issue were not waived, we would affirm the trial court's excusal of Jurors 25 and 32 for cause pursuant to this Court's decision in *Eccles*, 260 Mich App 379.

In the alternative, defendant argues that defense counsel provided ineffective assistance of counsel when she failed to object to the prosecution's for-cause challenges to the prospective jurors during voir dire. We disagree. "Counsel is not ineffective for failing to advance a meritless position or make a futile motion." *People v Henry (After Remand)*, 305 Mich App 127, 141; 854 NW2d 114 (2014). As discussed, the exclusion of the two jurors under MCR 2.115(E)(10) was proper and any objection by counsel would have been futile because it was demonstrated that those jurors had been adverse parties to the prosecution. Accordingly, defendant cannot show that defense counsel's performance fell below an objective standard of reasonableness. See *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Defendant is not entitled to relief.

## III. SENTENCING

Finally, defendant argues that the trial court failed to exercise its discretion when establishing the maximum sentence because it did not articulate that it was aware it had discretion to impose the sentence enhancement. We disagree.

Because defendant did not raise this issue at sentencing, it is unpreserved. See *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). We review this issue for plain error affecting substantial rights. *Carines*, 460 Mich at 763.

A trial court's decision to enhance a defendant's sentence as a habitual offender is discretionary. *People v Bonilla-Machado*, 489 Mich 412, 416; 803 NW2d 217 (2011). However, "there is no legal requirement that a trial court state on the record that it understands it has discretion and is utilizing that discretion." *People v Knapp*, 244 Mich App 361, 389; 624 NW2d 227 (2001). "Rather, absent clear evidence that the sentencing court incorrectly believed that it lacked discretion, the presumption that a trial court knows the law must prevail." *Id*. Defendant argues only that the trial court's lack of articulation on the record shows that the trial court was unaware of its discretion to impose a lower maximum sentence. Because the trial court was not required to articulate on the record that it had discretion to impose a lower maximum sentence and defendant points to no other evidence that the trial court did not recognize its discretion, defendant

---

[4] There is no allegation that use of peremptory challenges in this case would implicate *Batson v Kentucky*, 476 US 79; 106 S Ct 1712; 90 L Ed 2d 69 (1986).

has not overcome the presumption that the trial court knows the law.  Therefore, defendant has not established any error, plain or otherwise.  See *Carines*, 460 Mich at 763.

Affirmed.

/s/ Thomas C. Cameron
/s/ James Robert Redford
/s/ Kristina Robinson Garrett